FERMONT DIVISION, DYNAMICS CORPORATION OF AMERICA, INC. *v.* EUGENE SMITH

COTTER, C. J., LOISELLE, LONGO, PETERS and PARSKEY, Js.

Argued May 3—decision released July 17, 1979

*Bruce E. Stern,* for the appellant (defendant).

*John J. Graham,* with whom was *Jonathan P. Blucher,* of the New York bar, for the appellee (plaintiff).

PETERS, J.   This case concerns the propriety of certain prejudgment remedies obtained by the plaintiff at the commencement of its suit against the defendant to collect the balance of the purchase price of certain goods and services.   The plaintiff manufactures and sells engine generator sets and related spare parts.   It also provides market research services known as Dodge Scan Services. From May, 1975, until February, 1977, the plaintiff and the defendant maintained a business relationship through which the defendant purchased many such goods and services from the plaintiff.

On August 22, 1977, the plaintiff instituted suit against the defendant for approximately $91,000, the balance then claimed to be due on purchases.   At the same time, the plaintiff applied, under the provisions of General Statutes § 52-278e, for prejudgment remedies consisting of garnishments of the defendant's bank accounts, attachment of his personal property, and temporary restraining orders against him.   Attached to the application for prejudgment remedies was a supporting affidavit sworn to by the plaintiff's president, alleging in detail the

factual bases for the plaintiff's claims of $91,000 due, and alleging further, upon information and belief, (1) that the defendant was by his own statement insolvent, and (2) that the defendant was fraudulently concealing and disposing of his property to the detriment of the plaintiff.

The trial court on August 23, 1977, in an ex parte proceeding without notice or hearing, found probable cause to sustain the validity of the plaintiff's claim and granted the requested prejudgment remedies. The original prejudgment remedies were twice subsequently modified on motions by the plaintiff to include further garnishments and an attachment of the defendant's real property. The defendant on November 10, 1977, moved to dissolve the prejudgment remedies. A week later, after a hearing before the court, the motion was denied, and from that denial the defendant has taken this appeal.

On appeal, the defendant claims that the court erred (1) in upholding the constitutionality of General Statutes § 52-278e; (2) in refusing to dissolve the temporary restraining orders issued against him; and (3) in not permitting testimony prior to ruling on the defendant's motion to dissolve the prejudgment remedies. We shall consider each issue separately.

The defendant contends that General Statutes § 52-278e,[1] under which the prejudgment remedies

[1] "[General Statutes] Sec. 52-278e. ALLOWANCE OF PREJUDGMENT REMEDY WITHOUT HEARING. SUBSEQUENT MOTION, HEARING AND ORDER. The court or a judge of the court may allow the prejudgment remedy to be issued by an attorney without hearing as provided in sections 52-278c and 52-278d upon verification by oath of the plaintiff or of some competent affiant, that there is probable cause to sustain the validity of the plaintiff's claim and (1) that the prejudgment remedy requested is for an attachment of real property;

in this case were granted, violates the due process clauses of the state and federal constitutions because it does not provide for adequate notice and opportunity to be heard. Requirements of procedural due process in like situations have been discussed extensively in recent cases in this court; see *Society for Savings* v. *Chestnut Estates, Inc.,* 176 Conn. 563, 409 A.2d 1020 (1979); *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.,* 168 Conn. 371, 362 A.2d 778 (1975), vacated, 423 U.S. 809, 96 S. Ct. 20, 46 L. Ed. 2d 29 (1975), on remand, 170 Conn. 155, 365 A.2d 393 (1976), cert. denied, 429 U.S. 889, 97 S. Ct. 246, 50 L. Ed. 2d 172 (1976); and in the United States Supreme Court. See *North Georgia Finishing, Inc.* v. *Di-Chem, Inc.,* 419 U.S. 601, 95 S. Ct. 719, 42 L. Ed. 2d 751 (1975); *Mitchell* v. *W. T. Grant Co.,* 416 U.S. 600, 94 S. Ct. 1895, 40 L. Ed. 2d 406 (1974); *Fuentes* v. *Shevin,* 407 U.S. 67, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972); *Sniadach* v. *Family*

or (2) that there is reasonable likelihood that the defendant (A) neither resides in nor maintains an office or place of business in this state and is not otherwise subject to jurisdiction over his person by the court, or (B) has hidden or will hide himself so that process cannot be served on him or (C) is about to remove himself or his property from this state or (D) is about to fraudulently dispose of or has fraudulently disposed of any of his property with intent to hinder, delay or defraud his creditors or (E) has fraudulently hidden or withheld money, property or effects which should be liable to the satisfaction of his debts or (F) has stated he is insolvent or has stated he is unable to pay his debts as they mature. The defendant appearing in such action may move to dissolve or modify the prejudgment remedy granted pursuant to this section in which event the court shall proceed to hear and determine such motion expeditiously. If the court determines at such hearing requested by the defendant that there is probable cause to sustain the validity of the plaintiff's claim, then the prejudgment remedy granted shall remain in effect. If the court determines there is no such probable cause, the prejudgment remedy shall be dissolved. An order shall be issued by the court setting forth the action it has taken."

*Finance Corporation,* 395 U.S. 337, 89 S. Ct. 1820, 23 L. Ed. 2d 349 (1969). Section 52-278e complies with the due process standards developed by these cases.

"It is fundamental that property cannot be taken without procedural due process as guaranteed by the fourteenth amendment to the constitution of the United States and article first, § 10, of the constitution of Connecticut." *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.,* 168 Conn. 371, 376, 362 A.2d 778 (1975). Due process requires notice and an opportunity to be heard "at a meaningful time and in a meaningful manner"; *Armstrong* v. *Manzo,* 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965); *Society for Savings* v. *Chestnut Estates, Inc.,* supra, 572; *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.,* 168 Conn. 371, 362 A.2d 778 (1975); but does not mandate any specific *form* of procedure; rather, it protects substantive rights. *Mitchell* v. *W. T. Grant Co.,* supra, 610. As we expressly held in *Roundhouse,* supra, 380, "in testing whether a lien or sequestration procedure complies with the requirements of due process it will be examined in its entirety, and the lack of a provision for a prior hearing in and of itself will not be constitutionally fatal if other saving characteristics are present."

Section 52-278e exhibits all the saving characteristics that the law of procedural due process requires. The statute provides for adequate judicial supervision of the entire process of seizure, and does not permit writs to be issued by a court clerk. The statute can be invoked only by a verified affidavit that contains factual, rather than merely conclusory, supporting allegations. Most impor-

tant, the statute affords to the defendant whose property has been attached the opportunity to obtain an immediate postseizure hearing at which the prejudgment remedy will be dissolved unless the moving party proves probable cause to sustain the validity of his claim.

The defendant next argues that temporary restraining orders were improperly granted as prejudgment remedies pursuant to the plaintiff's application. He points to the definition of "prejudgment remedy," contained in General Statutes § 52-278a (d), which provides: " 'Prejudgment remedy' means any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment *but shall not include a temporary restraining order."* (Emphasis added.) Although a temporary restraining order may not be issued as a prejudgment remedy, the statute does not preclude the granting of a temporary restraining order in addition to a prejudgment remedy.

The propriety of some ancillary temporary restraining orders is established by General Statutes § 52-278c B.[2] That section provides that, in the

---

[2] "[General Statutes] Sec. 52-278c. . . . B. The clerk upon receipt of all such documents in duplicate, if he finds them to be in proper form, shall fix a date for the hearing on the application and sign the order of hearing and notice except that if the application includes a request for a temporary restraining order, the court or a judge of the court shall act on the application for the temporary restraining order, fix a date for the hearing on the prejudgment remedy and sign the order of hearing and notice. The entry fee shall be then collected and the duplicate original document shall be placed in the court file."

normal application for prejudgment remedy, which contemplates a preseizure hearing, when the court clerk receives from an applicant the required documents (which include the proposed writ, summons, and complaint, the application for prejudgment remedy, supporting affidavit, order for hearing, and summons), he must fix a date for the hearing and sign the order of hearing and notice to the defendant. An exception to this normal procedure is provided for cases in which a temporary restraining order is requested in addition to the application for prejudgment remedy. In that event, a court or judge, rather than a clerk, must act on the application for temporary restraining order, fix the date for hearing on the prejudgment remedy, and sign the order of hearing and notice. The foregoing procedure thus insures judicial supervision of the request for a temporary restraining order during the interim period between the time of the filing of the application for prejudgment remedy and the time of the hearing thereon.

In the case before us, there was no initial hearing on the application for prejudgment remedy because the remedies were sought and granted ex parte, pursuant to § 52-278e. The record does not indicate why the plaintiff felt the need for the protection afforded by temporary restraining orders, when he already had gotten temporarily effective ex parte orders of garnishment and attachment. It would appear to be superfluous to restrain the defendant from removing funds from a bank account that has been garnisheed. Under these circumstances, however, the defendant has not been harmed, and has not claimed harm, apart from the restrictions implicit in the prejudgment remedies. We need not decide, therefore, whether the common-law pre-

requisites to the issuance of temporary restraining orders need be satisfied in other cases, and hold only that such orders are not foreclosed by the definition of prejudgment remedy in § 52-278a, and under appropriate circumstances may be granted in addition to the customary remedies during prejudgment remedy proceedings.

Finally, the defendant claims that even if the post-seizure hearing provision of § 52-278e complies with the requirements of due process, the trial court erred in not permitting testimony during the hearing on the defendant's motion to dissolve the prejudgment remedies. The plaintiff, in turn, contends that the defendant never requested a hearing and is therefore foreclosed from raising this argument. In so contending, however, the plaintiff misreads the statute, which clearly provides that "[t]he defendant . . . may move to dissolve . . . the prejudgment remedy . . . in which event the court shall proceed to hear and determine such motion expeditiously." Thus, the motion to dissolve itself acts as a request for a hearing.

The defendant, although authorized by the statute to bring a motion to dissolve at any time after the ex parte granting of the prejudgment remedy, chose to wait nearly three months before moving to dissolve. The statutorily mandated hearing was then held, "expeditiously," one week after the motion was brought. Although the defendant complains of the court's failure at that hearing to "permit" him to introduce testimony, the transcript of the hearing demonstrates that the defendant never attempted to introduce any testimony relative to the factual issues concerning probable cause to sustain the validity of the plaintiff's claim. The defendant's only argument

at the hearing concerned the constitutionality of § 52-278e. Certainly he had ample opportunity, had he so desired, to bring before the court any testimony relevant to any other pertinent issue. The statute and due process generally require only that the defendant be given an opportunity at the hearing to challenge the prejudgment remedy. *Society for Savings* v. *Chestnut Estates, Inc.,* 176 Conn. 563, 572-73, 409 A.2d 1020 (1979).

There is no error.

In this opinion the other judges concurred.