Roland PINSKY, et al.,

v.

Richard K. DUNCAN, et al.

Civ. No. N–88–339 (WWE).

United States District Court,
D. Connecticut.

Feb. 17, 1989.

Joanne S. Faulkner, New Haven, Conn., for plaintiffs.

Milton A. Bernblum, Lawrence J. Greenberg, Gold, Bernblum and Greenberg, New Haven, Conn., Joseph Patrucco, Meriden, Conn., David Greenberg, Greenberg Hurwitz and Cooper P.C., New Haven, Conn., for defendants.

MEMORANDUM OF DECISION ON DEFENDANT JOHN F. DIGIOVANNI'S MOTION FOR SUMMARY JUDGMENT

EGINTON, District Judge.

In conjunction with several cases pending in the Connecticut Superior Court, each

of the three defendants in this action secured an attachment of one of the plaintiffs' real property pursuant to Conn.Gen. Stat. Sec. 52–278e(a)(1). The plaintiffs claim that Section 52–278e(a)(1) is unconstitutional because it authorizes a plaintiff in a state court action to attach a defendant's real property without the filing of a bond and without prior notice and a hearing. They apparently make no claim that the statute was unconstitutional as applied in their particular cases.

On December 1, 1988, the Court granted defendant Joseph Golden Insurance Agency's motion for summary judgment after finding that Section 52–278e is constitutional. Presently pending is John F. DiGiovanni's motion for summary judgment which, like Joseph Golden Insurance Agency's motion, asserts the facial validity of Connecticut's prejudgment remedy statute. The Court considers this an opportunity to re-examine the merits of the plaintiffs' position. Upon reconsideration and for the reasons set forth below, defendant DiGiovanni's motion for summary judgment is GRANTED.

In relevant part, Conn.Gen.Stat. Sec. 52–278e provides:

> (a) The court or a judge of the court may allow the prejudgment remedy to be issued by an attorney without hearing as provided in sections 52–278c and 52–278d upon verification by oath of the plaintiff or of some competent affiant, that there is probable cause to sustain the validity of the plaintiff's claim and (1) that the prejudgment remedy requested is for the attachment of real property....

Upon examination of this statute, Judge Zampano recently noted:

> Review of the Connecticut statute reveals that it was drafted with the dictates of due process, as the Supreme Court has articulated them, in mind. *See* Conn.Gen.Stat. Sections 52–278e(a), 52–278e(c); *Fermont Div., Dynamics Corp. of America, Inc. v. Smith,* 178 Conn. 393, 397 [423 A.2d 80] (1979) (section 52–278e exhibits all the saving characteristics that the law of procedural due process requires); *Sellner v. Beechwood Cons. Co.,* 176 Conn. 432, 434 [407 A.2d 1026] (1979) (section 52–278e was "enacted in response to the constitutional instructions" of relevant United States Supreme Court precedent). The facial constitutional validity of Section 52–278e thus stands beyond question....

*Read v. Jacksen,* Civil No. B–85–85, Ruling on Defendants' Motions for Summary Judgment, slip op. at 8, 1988 WL 163017 (D.Conn. February 19, 1988); *see also Shaumyan v. O'Neill,* Civil No. N–87–463, Ruling on Motions to Dismiss (D.Conn. June 21, 1988) (Nevas, J.) (instructing party mounting constitutional challenge to Section 52–278e(a)(1) to "fully address the implications of *Read*" in their summary judgment motions). Upon reconsideration of the plaintiffs' arguments, the Court continues to agree with Judge Zampano's suggestion that Section 52–278e(a)(1) is constitutional.

In a series of cases, none of which deal with the attachment of real property, the Supreme Court has provided guidance concerning the constitutionality of prejudgment remedy statutes. In *Sniadach v. Family Finance Corp. of Bay View,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), the Supreme Court struck down a Wisconsin statute which authorized the prejudgment garnishment of wages without prior notice and hearing to the debtor. Noting that wages are "a specialized type of property presenting distinct problems in our economic system," the Court found that a statute under which a suing creditor could garnish wages without demonstrating a lien or prior interest in the property and without judicial supervision did not provide a debtor with sufficient procedural safeguards. *Id.* at 340, 89 S.Ct. at 1822.

Several years later in *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), the Supreme Court invalidated two replevin statutes which authorized a seller to repossess goods without judicial approval or participation. The Court noted that, absent extraordinary circumstances, a debtor must be notified and given the opportunity to contest a creditor's claim be-

fore his property may be subject to "outright seizure." *Id.* at 91, 92 S.Ct. at 1999.

By contrast, in *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), the Supreme Court upheld the constitutionality of Louisiana's sequestration statute. Despite the fact that the statute did not provide notice and hearing before the sequestration of property, the Court found that it contained other procedural safeguards including: (1) the necessity of filing a detailed affidavit with the writ; (2) the posting of an adequate creditor's bond; (3) the return of the property upon the debtor's posting of a bond; (4) an immediate post-deprivation hearing; (5) creditor's liability for wrongful attachment; and, (6) judicial supervision of the entire process. *Id.* at 608–610, 94 S.Ct. at 1900–01.

Finally, in *North Georgia Finishing, Inc. v. Di–Chem, Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975), the Supreme Court invalidated a Georgia statute which permitted the garnishment of a business' bank account without prior notice or hearing. Unlike the statute in *Mitchell*, the Georgia statute did not require, *inter alia:* (1) the filing of a detailed affidavit made upon personal knowledge of the facts: (2) a writ issued by a judge; or (3) a prompt post-garnishment hearing at which the creditor would be required to demonstrate probable cause for the garnishment. *Id.* at 607, 94 S.Ct. at 1900.

The gravamen of the plaintiff's argument is that the Connecticut statute is deficient because it does not provide every procedural protection to which the Supreme Court has referred in these four cases. However, as these cases clearly suggest, Section 52–278e need not provide every procedural safeguard to survive constitutional scrutiny. A defendant need only be provided an opportunity to be heard "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). Accordingly, the Court may consider factors such as the length or severity of a deprivation of use or possession, when determining whether Connecticut's procedure, "as a whole," sufficiently protects a real property owner's rights. *See North Georgia*

*Finishing*, 419 U.S. at 606, 95 S.Ct. at 722; *Mitchell*, 416 U.S. at 610, 94 S.Ct. at 1901.

Viewed as a whole, Section 52–278e(a)(1) comports with due process. The statute provides for judicial supervision of the process in that it requires the prejudgment remedy to be issued by a judge. It "can be invoked only by a verified affidavit that contains factual, rather than merely conclusory, supporting allegations." *Fermont*, 178 Conn. at 397, 423 A.2d 80; *see* Conn. Gen.Stat. Sec. 52–278c(a)(2). A defendant whose property has been attached can require the plaintiff to show probable cause to sustain the prejudgment remedy in a prompt post-seizure hearing. *See* Conn. Gen.Stat. Sec. 52–278e(c) (Court shall hear such motion "expeditiously.") Where property rights are involved, the failure to provide a pretermination hearing ordinarily " 'is not a denial of due process, if the opportunity given for ultimate judicial determination of liability is adequate'." *Mitchell*, 416 U.S. at 611, 94 S.Ct. at 1902. Here, the existence of an opportunity to challenge the prejudgment seizure in a prompt manner is adequate because "[t]he defendant is neither deprived of the use or enjoyment of the property pending a trial on the merits nor is his livelihood threatened by the deprivation of the right to freely transfer the realty." *Black Watch Farms, Inc. v. Dick*, 323 F.Supp. 100, 102 (D.Conn.1971). The temporary and minor prehearing impairment of a defendant's property, when coupled with the purpose served by such an attachment, suggests that the fact that the statute does not provide for the filing of a bond prior to the attachment is unobjectionable. *See Cordoba Shipping Co., Ltd. v. Maro Shipping Ltd.*, 494 F.Supp. 183, 186 (D.Conn.1980) ("The general purpose of such an attachment is to secure the appearance of the defendant and to furnish security for any judgment plaintiff may receive.")

The motion for summary judgment is GRANTED.

SO ORDERED.