RODERICK G. TAYLOR *v.* SYNERGY
PRODUCTIONS LTD. ET AL.
(8338)

DUPONT, C. J., NORCOTT and FOTI, Js.

Argued February 14—decision released June 5, 1990

*James D. Hirschfield,* for the appellant (plaintiff).

*Robert E. Pace,* for the appellees (defendants).

NORCOTT, J. The plaintiff, Roderick G. Taylor, doing business as Woodbury Ski and Racket, appeals from the trial court's granting of the defendants' motion to dissolve a prejudgment remedy for failure to serve the defendants with the notice of rights required by General Statutes § 52-278e (b). The plaintiff claims that the trial court erred in granting the motion for the following reasons: (1) a prejudgment remedy had not been ordered, rather a hearing on the application for a prejudgment remedy of garnishment had been ordered; (2) the notice of rights is required only when a plaintiff's prejudgment remedy is granted without a hearing pursuant to § 52-278e (a) and was, therefore, not required here.

The plaintiff instituted this action against the defendants, Synergy Productions, Ltd. and Synergy Products, Inc. (Synergy), for breach of a contract and for violation of Connecticut Unfair Trade Practices Act

(CUTPA); General Stautes § 42-115e et seq.; as a result of the breach. Taylor and Synergy had entered into a contract whereby Synergy was to provide live bands to perform under the name Reggae Sunsplash 88 at Taylor's business premises. Taylor paid Synergy $9500 before the bands' performances began, as required by the contract. Taylor alleged that Synergy demanded an additional payment of $10,000 just before the bands were scheduled to begin playing, that he reluctantly paid the money and that the bands did perform.

The next time that Synergy was in Connecticut to produce a concert at Lake Compounce Festival Park in Bristol, Taylor applied for "a temporary restraining order" and for a hearing on an application for garnishment pursuant to General Statutes § 52-278c. In this application, Taylor requested an order restraining Compounce Associates Limited Partnership and The Joseph Entertainment Group, Inc., from transferring any monies owed to Synergy for the Lake Compounce concert until after a hearing on the application for a garnishment.

The court granted the application for the order restraining the garnishees from transferring funds and further ordered that a hearing be held on the application for a garnishment. Synergy moved to dissolve the so called "prejudgment remedy" claiming that Taylor had failed to provide a notice of rights to which the defendant claimed to be entitled under § 52-278e (b).

On August 7, 1989, the date of the hearing, Synergy filed a motion to stay pending arbitration, and, on August 9, 1989, the trial court granted Synergy's motion to dissolve based upon the failure to provide notice of rights. Thereafter, Taylor filed this appeal claiming that, because he was requesting a "temporary restraining order" and a hearing on garnishment, the

notice of rights provision of § 52-278e (b)[1] did not apply. Synergy argues in response that the temporary restraining order was in reality a prejudgment remedy, and that, therefore, this section does apply.

The court granted Synergy's motion to stay after granting the motion to dissolve; the parties, however, were never provided with notice of this stay order. They did not learn of the stay until this court requested supplemental briefing on the following issue: "Whether or not this case is properly before this court given the fact that the trial court has granted a stay of the action pending arbitration, to which the parties have contractually agreed, and that arbitration has not yet been commenced?"

The contract between the parties contains an arbitration clause that provides that "[a]ny claim or dispute arising out of or relating to this agreement or the breach thereof shall be settled by arbitration in New York, New York in accordance with rules and regulations then obtaining of the American Arbitration Association governing three-member panels. The par-

---

[1] General Statutes § 52-278e (b) provides that *"[i]f a prejudgment remedy is granted pursuant to this section* [52-278e], the plaintiff shall include in the process served on the defendant the following notice . . . ."* (Emphasis added.) Subsection (a) of § 52-278e permits a court to grant an ex parte prejudgment remedy and then requires that if it is granted, a notice of rights must be served on the defendant.

General Statutes § 52-278c, on the other hand, provides the requirements necessary for requesting a *hearing* on an application for a prejudgment remedy rather than the ex parte remedy provided for in § 52-278e. If a hearing is requested, "[t]he clerk upon receipt of all such documents in duplicate, if he finds them to be in proper form, shall fix a date for the hearing on the application and sign the order of hearing and notice except that *if the application includes a request for a temporary restraining order,* the court or a judge [shall sign the order] of hearing and notice." (Emphasis added.) General Statutes § 52-278c (c); see also *Fermont Division* v. *Smith,* 178 Conn. 393, 399, 423 A.2d 80 (1979). Hence, if a temporary restraining order and a hearing are requested, notice is not required until the hearing has been ordered.

ties hereto agree to be bound by the award in such arbitration and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof."

In his supplemental brief, Taylor concedes that he is bound by the arbitration clause in the contract to settle disputes arising out of that contract. He claims, however, that the underlying action is not really an action for breach of contract, but rather should be viewed as an action claiming extortion. He further asserts that this extortion action does not arise out of the contract and denies that his breach of contract action was indeed a breach of contract action as he originally claimed.

This fanciful claim merits little discussion. Taylor's original complaint sounds clearly in breach of contract and violation of CUTPA arising out of that breach. He further affirmed the fact that his claim was for breach of contract in the recitation of facts that he provided to the trial court in his application for a prejudgment remedy. He cannot now recharacterize his breach of contract claim as one of extortion in order to avoid the arbitration clause to which he has agreed to be bound.

Synergy argues in its supplemental brief that "[i]f the Superior Court is authorized to grant or deny a prejudgment remedy in support of an arbitration, the Appellate Court should also be authorized to hear an appeal from such an order." Synergy, however, never addresses the fact that the trial court granted the stay of the action and that the hearing on the prejudgment remedy has not yet been held.

There is no question that the granting or denial of a motion to dissolve an attachment pursuant to General Statutes § 52-278*l* is a final judgment from which an appeal can be taken. General Statutes § 52-278*l* (b); *Babiarz* v. *Hartford Special, Inc.,* 2 Conn. App. 388,

390–91, 480 A.2d 561 (1984). In this case, however, the court granted the motion to dissolve and the motion to stay, leaving the prejudgment hearing that it had ordered to be held.

Synergy claims that in order for the prejudgment remedy to be stayed, Taylor would have had to post a bond pursuant to § 52-278*l* (c). That section, however, provides that "[n]o such order shall be stayed *by the taking of an appeal* except upon the order of the judge who made such order, and any such stay shall be granted only if the party taking the appeal posts a bond . . . ." (Emphasis added.) The stay in this case was not ordered pending appeal, but rather pending arbitration and it is not, therefore, covered by this statute.

When the court granted Synergy's stay of the action pending arbitration, the hearing on the prejudgment remedy was stayed as well. The fact that his case is stayed merely postpones the disposition of the prejudgment remedy, it does not terminate that action. *KND Corporation* v. *Hartcom, Inc.,* 5 Conn. App. 333, 337, 497 A.2d 1038 (1985). Because of the stay and because the court has not yet held a hearing on the prejudgment remedy, this case is not properly before this court.

Whether Taylor's request is viewed as a request for a temporary restraining order or a prejudgment remedy does not affect our conclusion that we need not reach the merits of this appeal. If we view the request as one for a temporary restraining order, then this appeal must be dismissed for lack of final judgment pursuant to Practice Book § 4000. "In the absence of statutory exceptions, decisions either granting or denying temporary injunctions generally are not final judgments and are therefore not immediately appealable." *French* v. *Amalgamated Local Union 376,* 203 Conn. 624, 628 n.6, 526 A.2d 861 (1987); *Doublewal Corporation* v. *Toffolon,* 195 Conn. 384, 389, 488 A.2d 444 (1985).

If we view Taylor's request as one for a prejudgment remedy, we cannot address this claim either. When the trial court dissolved the order restraining The Joseph Entertainment Group, Inc., from transferring funds to Synergy, it left intact that portion of the order granting a hearing on the prejudgment remedy. Because a hearing has not yet been held on the prejudgment remedy, and because a stay has been granted, Taylor still has the opportunity to obtain the prejudgment remedy that he seeks. See General Statutes § 52-278d.

The question here is academic, and this court need not address such questions. *Waterbury Hospital* v. *Connecticut Health Care Associates,* 186 Conn. 247, 252, 440 A.2d 310 (1982). " 'Courts will not knowingly determine moot questions, however much both parties desire such determination.' " Id. Any opinion by this court could not result in any practical relief given the circumstances of this case. Accordingly, we will not consider the merits of this appeal.

The appeal is dismissed.

In this opinion the other judges concurred.