[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Thirteen motions, applications, and objections (Docket items 159, 172.55, 193, 200, 201, 207, 210, 212, 212.50, 214, 215, 216, 217) were specially scheduled as special proceedings and heard by the court on July 18, 1990.
The motion of defendant Carolyn Germain to discharge a lis pendens was marked off by agreement of counsel (Docket item 159).
The court denied the plaintiff's Motion to Compel Defendants to Surrender Assets (Docket item 200) and its motion to compel CT Page 732 defendant Staiger to produce certain personal property (Docket item 201) as premature, no judicial finding of probable cause to attach the assets of these defendants having been established prior to the filing of the motion.
The plaintiff has moved (Docket item 193) for disclosure of assets of the following defendants; George E. Alexander, Jr., John R. Baksa, Sr., Kenneth E. Beyer, Alan J. Biren, Michael J. Duchesne, Mark S. Germain, Clement E. Hamilton, Lubbie Harper, Jr., Ralph S. Kaufman, Vito M. Mazza, Realty Capitol Acquisition Corp., Realty Capital Associates, Martin B. Rubin, Herbert O. Staiger, and Theodore Zajac.
Section 230A P.B. provides for an order to "any appearing party against whom a prejudgment remedy has been granted to disclose property in which he has an interest."
The only judicial finding of probable cause of record in this case is subsumed in Judge Fracasse's order of January 3, 1990 granting the plaintiff's application for a prejudgment attachment of certain real property of defendants alleged to have been fraudulent transferees. This order does not include a finding of probable cause as to any of the defendants as to whom the plaintiff now seeks an order for disclosure of assets, nor has an application for a prejudgment attachment been granted as to any defendant who is the subject of the plaintiff's motion for disclosure of assets. Accordingly, the motion is denied.
The remaining scheduled matter is the motion of defendant Mark S. Germain to dissolve the temporary restraining order entered against him ex parte by Judge Fracasse on January 3, 1990. That order restrains defendant Mark S. Germain, along with other defendants, from "assigning, diminishing, encumbering, pledging, or transferring any interest any of them may have in any mutual fund, accounts receivable, money market account, stock certificate or any other debt or equity instrument of any corporation, any unlimited or general partnership or any life insurance policy or cash surrender value representative thereof, all until further Order of this Court."
The restraining order also prohibits this defendant from "altering, amending or modifying, in any manner, their rights to receive or the manner in which they are to receive monies as the custodian or owners of any such assets, properties or interests, all until further order of this court."
Temporary restraining orders may be entered pursuant to52-278c(c) C.G.S. as temporary relief ancillary to a prejudgment remedy. Fermont Division, Dynamics Corporation of America, Inc., v. Smith, 178 Conn. 393, 398 (1979). CT Page 733
Because the restraining order against defendant Mark Germain was entered ex parte, it was the plaintiff's burden, upon Germaine's moving to dissolve the order pursuant to 52-278e, to present evidence sufficient to establish its entitlement to this injunctive relief.
The purpose of a temporary restraining order is the same as the purpose of a preliminary injunction: to preserve the status quo and protect the movant from immediate and irreparable harm until the rights of the parties can be established upon a full hearing on the merits of the claim for permanent injunctive relief. Olcott v. Pendleton, 128 Conn. 292, 295 (1941); Deming v. Bradstreet, 85 Conn. 650, 659 (1912).
In assessing what it termed the analogous situation of the granting of a stay of an administrative order in Griffin Hospital v. Commission on Hospitals and Health Care, 196 Conn. 451, 457
(1985), the Connecticut Supreme Court, citing Olcott v. Pendleton, supra, stated that entitlement to such temporary relief requires a showing of 1) probable success on the merits of the claimant and 2) a balancing of the results which may be caused to one party or the other from the granting of such temporary relief. The court in Griffin Hospital, supra at 488, also cited with approval Covenant Radio Corporation v. Ten Eighty Corporation, 35 Conn. Sup. 1,3 (1977), which enunciates as additional requirements for temporary injunctive relief 3) irreparable injury and 4) lack of an adequate remedy at law.
The plaintiff's application for a temporary restraining order states that defendant Mark Germain is likely to alienate his assets before they can be attached or garnished by the plaintiff to satisfy his obligations as guarantor of a loan with a present balance of approximately $3.7 million.
The plaintiff established that it will probably succeed on the merits of its claim against him as a guarantor of a multi-million dollar loan which is now in default. The plaintiff further established that this defendant has, during the pendency of the loan, transferred property to his wife and has experienced a rapid and considerable diminishment of his assets.
The defendant presented evidence to the effect that the temporary restraining order prevents him from withdrawing from his money market account funds which he uses for living expenses. The defendant notably did not testify that he was unable to meet his living expenses or that he lacked funds for that purpose from sources not affected by this order.
The court finds that the harm to the plaintiff from the CT Page 734 diminution or diversion of assets, necessitating laborious recovery, outweighs the limited inconvenience testified to by the defendant. The court further finds the remaining criteria for temporary relief are satisfied.
The motion of Mark S. Germain to dissolve the temporary injunction is denied.
BEVERLY J. HODGSON, JUDGE