[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR ORDER (#103)
The plaintiff, People's Bank brought this action to foreclose a mortgage in the amount of $2,300,000.00 which encumbers commercial property located in New Milford, Connecticut.
On November 27, 1990, pursuant to Conn. Gen. Stat. 52-278f, the plaintiff obtained an ex parte prejudgment attachment on certain property owned by the defendant, Dominick Peburn. On January 14, 1991, this court granted the defendants' motion to dissolve the prejudgment attachment. The plaintiff is now before the court seeking an order reinstating the attachment.
A prejudgment remedy can be issued by the court, only, with few exceptions, see Conn. Gen. Stat. 52-278e; 52-278f, after a court hearing conducted according to the requirements of due process. Pinsky v. Duncan, 898 F.2d 852 (2nd Cir. 1990). The Connecticut Supreme Court has addressed the issue of the constitutionality of section 52-278e and has found that the statute does not violate procedural due process because it requires affidavits with factually supported allegations and provides for an immediate post-seizure hearing upon the defendants' motion to modify or dissolve the attachment. Fermont Division v. Smith, 178 Conn. 393,397-398 (1979).
Conn. Gen. Stat. 52-278f allows the plaintiffs' attorney to issue the writ for a PJR without securing a court order when the action involves a commercial transaction in which the defendant has waived its right to notice and a hearing. Since this statute does not permit a court, at anytime, to review the allegations which are the basis of the attachment, it cannot be said to meet the requirements of either Pinsky or Fermont Division. Accordingly, the plaintiff's motion for an order reinstating the attachment is denied.
PICKETT, J.