[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff has attached and garnished property of the defendants' in this action based on three separate notes; which each contains a so-called "commercial waiver clause". Defendant moves to dissolve the attachments and garnishments claiming that C.G.S. 52-278f, which allows such remedies without prior court intervention is unconstitutional.
The court finds probably cause as of April 15, 1991.
The parties have stipulated to the following: CT Page 6939
1. Documents
The Plaintiff and Defendants stipulate and agree to the admissibility, authenticity, genuineness and relevance of Plaintiff's Offer of Proof dated March 25, 1991 and served upon Defendants' counsel. Plaintiff shall submit a bound copy of Exhibits 1 through 32, identical to that served on Defendants' counsel, with an index, at the commencement of the hearing and they shall be introduced into evidence without objection.
2. Testimony of Esther B. Clarke, Vice President/Secretary of Bank of East Hartford
The plaintiff and the Defendants stipulate and agree that in lieu of live testimony at the hearing, the summary of Esther B. Clarke's testimony as contained in Plaintiff's Offer of Proof dated March 25, 1991 at pages 1 through 8 shall be admissible at the hearing and may be relied upon by the court as it sees fit as if given under oath and subject to cross-examination. The parties waive any objection they might make concerning the introduction or receipt of testimony of Esther B. Clarke in the this fashion.
3. Testimony of Charles P. Cavanna of Cavanna Associates
The Plaintiff and Defendants stipulate and agree that in lieu of live testimony at the hearing, Mr. Cavanna is a professional real estate appraiser, qualified to render opinion evidence as to the value of real property in Connecticut and that his opinion as to the market value of premises known as 169 Bartholomew Avenue, Hartford, Connecticut as of March 13, 1990 as contained in his appraisal report (Plaintiff's Exhibit 26) shall be admitted into evidence without need for live testimony. The court may rely upon the report as it sees fit, as if given under oath and subject to cross-examination. The parties waive any objection they might otherwise make concerning the introduction or receipt of testimony of Charles P. Cavanna in this fashion.
4. Testimony of Helga M. Woods, Esq. and Deanne Walstrom
The Plaintiff and Defendants stipulate and agree that in lieu of live testimony under oath at the hearing, the following summary of testimony of Helga M. Woods, Esq., and Deanne Walstrom shall be admissible and may be relied upon by the court as it deems fit, as if given under oath and subject to cross-examination.
a. Attorney Woods is a member of the bar of the State CT Page 6940 of Connecticut; practices law with the firm of Rome Case Kennelly Klebanoff; was engaged by Defendants to represent them in connection with the February, 1990 restructuring of their loan obligations to Plaintiff; did in fact represent Defendants in these transactions; and was competent to do so.
 b. Plaintiff's Exhibits 1 (Schwartz Loan Agreement); 2 (L. Ginsberg Loan Agreement); 4 (Modification Agreement); 5 (Security Agreement); 6 (Waiver K. Schwartz); 7 (Waiver — L. Ginsberg); 12 (Affidavit); 13 (Affidavit); 14 (Mortgage to BOEH); and 27 (Indemnification Agreement) were executed by the Defendants as their free act and deed in connection with the restructuring of their loan obligations with the Bank of East Hartford in February, 1990, in the presence of Attorney Woods and Deanne Walstrom.
 c. Kenneth Schwartz and Leonard Ginsberg were competent adults at the time of the execution of the closing documents, as listed in Attorney Woods' letter of February 13, 1990 to Attorney Jacobs (Exhibit 19).
 d. Attorney Woods was available to Defendants and competent to explain, discuss or render legal counsel to Kenneth Schwartz and/or Leonard Ginsberg concerning the documents that Defendants executed in February, 1990 in the restructuring of their loan obligations with the Bank of East Hartford.
The parties waive any objection they might otherwise make concerning the introduction or receipt of testimony of Helga M. Woods or Deanne Walstrom in this fashion.
The parties also agree that this was a "commercial transaction" and that the commercial waiver in this action is valid under C.G.S. 52-278f. The question is the constitutionality of the remedy.
Each defendant on February 6, 1990 signed a "Waiver" which reads as follows:
 Borrower acknowledges that it has the right under Chapter 903a of the Connecticut General statutes (Rev. to 1985), subject to certain limitations, to notice of any hearing on the CT Page 6941 right of the bank to obtain a prejudgment remedy, such as attachment, garnishment and/or replevin, upon commencing any litigation against borrower. Notwithstanding, borrower hereby waives all rights of notice, judicial hearing or prior court order in connection with the obtaining by bank of any prejudgment remedy or in connection with said loan or any renewals or extension of the same. Borrower also waives any and all objection which it might otherwise by able to assert, now or in the future, to the exercise or use by bank for any right or setoff, repossession or self help as may presently exist under statute, including the uniform commercial code, and common law.
The exhibits presented to the court show patterns of very sophisticated and knowledgeable borrowing. These defendants were borrowing large sums. They owned very large numbers of shares in banking corporations. Their financial statements are those of wealthy, knowledgeable, professional entrepreneurs.
The law of prejudgment remedies has been changing with whirlwind speed, for the law. Doors have been closed on creditors' remedies of various kinds. The defendants' argument here seeks to slam one more.
Under our prejudgment remedy statute certain professional protections are available to debtors except in suits on commercial transactions wherein the defendants have signed a waiver under C.G.S. 52-278f. Defendants have each signed such a waiver but they say "this [statutory] scheme is constitutionally defective." They say it is defective because there is a preclusion of any "attack on the unconstitutionality of the waiver itself."
"The process requires notice and an opportunity to be heard `at a meaningful time and in a meaningful manner'" Fremont Division v. Smith, 178 Conn. 393, 397. The law supports due process in the strongest terms but it may be waived. It was waived here. Each defendant waives "notice of any hearing on the right of the bank to obtain a prejudgment remedy, such as attachment, garnishment and/or replevin, upon commencing any litigation against borrower". Each also waived all rights of "judicial hearing on prior court order in connection with the obtaining by the bank of any prejudgment remedy." CT Page 6942
The "fundamental reason for the requirement of notice is advise all affected parties of the opportunity to be heard and to be apprised of the relief sought". Slagle v. Zoning Board of Appeals, 144 Conn. 690 693. The proven sophistication of the defendants plus the clarity of the waivers themselves makes it quite evident that each defendant knew that the plaintiff might seek a prejudgment remedy and that each borrower could be heard on the matter. Each knowingly waived all such rights. It is true that the defendants "may not have been able to I predict with accuracy just how or when [plaintiff] would proceed . . . but this inability does not in itself militate against effective waiver." D.H. Obenmyer Co. v. Frick Co.,405 U.S. 174, 187. (a cognovit case).
This case involves "determining the existence of a debt or delinquent payments" and "matters that lend themselves to documentary proof" Connecticut v. Doehr, 90-148 U.S. Supreme Court 6/6/91 p. 11. Here, as in Mitchell v. W. T. Grant Co.,416 U.S. 600, 609-610 (1974), the risk of error is minimal because the likelihood of recovery involves matters that lend themselves readily to the documentary proof provided. Connecticut v. Doehr, supra 12.
This is a dispute between a creditor and its debtor. Such disputes "more readily lend themselves to accurate ex parte assessments of the merits." Id. 13-14.
A prompt hearing is available in our courts. Fermont Division v. Smith, supra 397-398.
To prevail defendants must establish the statute's "unconstitutionality beyond a reasonable doubt." Society for Savings v. Chestnut Estates, 176 Conn. 563, 577. Neither of them have done that.
In addition they must prove "an adverse personal impact on a constitutionally protected right" of theirs. Id. 577. They had constitutionally protected rights to notice and a meaningful hearing. Each defendant waived both of those rights.
Motion to dissolve is denied.
O'Neil, J.