[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS PREJUDGMENT REMEDY APPLICATION
Plaintiff proposes to bring an action in three counts against the four defendants, the individual Neil Ellis (Ellis); Green Manor Corporation (Green Corp.); Somersville Corporation (Somers Corp.) and Midway Green Corporation (Mid. Corp.)
Defendants move to dismiss.
The first count is based on a note of September 20, 1988 from Mid. Corp. and endorsed by Ellis and Green Corp.
The second count is based on a note of March 10, 1989 from Somers Corp. and guaranteed by Ellis and Green Corp.
The third count is based on certain guaranty agreements of Ellis, Green Corp. and Somers. Corp. in regard to a mortgage note dated March 16, 1988 from a certain Plainfield Green Condominium Corporation (Condo. Corp.). CT Page 221
A full hearing was held on November 23, 1992. On December 21, 1992 the last memorandum of a party was filed.
Facts
All three notes and the guaranties are part of commercial transactions under C.G.S. 52-278a et seq. The notes are all due and owing in the following amounts:
1) 9/20/88 note $ 500,000
2) 3/10/89 note 340,000
3) 3/16/88 note 1,400,000
Demand has been made.
Law
I. Bond
In Connecticut v. Doehr, 501 U.S. ___115 L.Ed.2d 1, 111 S.Ct. 2105 part IV A some of the court found a bond might be appropriate in addition to requiring a hearing or showing of some exigency in prejudgment attachment cases. Id 18-20. However, such would not be required by the "opinion of the Court" in that matter because ordinarily uncomplicated matters that lend themselves to documentary proof are not to be treated as was the tort claim in that case. Id. 11, 12 and 13.
No Connecticut law requires a bond here.
II. Misjoinder
Joinder of these three contract causes of action as to Ellis and Green Corp. would be proper. The defendant Mid. Corp. is only affected by the first count and the defendant Somers Corp. is only affected by the second and third counts. Where several causes of action are united in any civil action they "shall affect all the parties to the action." C.G.S.52-97, P.B. 133. That is not our situation. This is misjoinder.
III. Commercial Waiver CT Page 222
Under our prejudgment remedy statute various procedural protections are available to debtors except in suits on commercial transactions wherein the defendants have signed a waiver under C.G.S. 52-278f. Defendants have each signed such a waiver as to the transaction claimed in each count. However, defendants say "this [statutory] scheme is constitutionally defective."
To get a prejudgment remedy, "[t]he process requires notice and an opportunity to be heard `at a meaningful time and in a meaningful manner'" Fremont Division v. Smith,178 Conn. 393, 397. The law supports due process in the strongest terms but it may be waived. Each defendant waived here.
The "fundamental reason for the requirement of notice is to advise all affected parties of the opportunity to be heard and to be apprised of the relief sought". Slagle v. Zoning Board of Appeals, 144 Conn. 690, 693.
IV. Constitutionality
This case involves "determining the existence of a debt or delinquent payments" and "matters that lend themselves to documentary proof" Connecticut v. Doehr, supra. Here, as in Mitchell v. W. T. Grant Co., 416 U.S. 600,609-610 (1974), the risk of error is minimal because the likelihood of recovery involves matters that lend themselves readily to the documentary proof provided. Connecticut v. Doehr, supra 12.
This is a dispute between a creditor and its debtor. Such disputes "more readily lend themselves to accurate [and even] ex parte assessments of the merits." Id. 13-14.
A prompt hearing is available in our courts. Fermont Division v. Smith, supra 397-398.
To prevail defendants must establish the statute's "unconstitutionality beyond a reasonable doubt." Society for Savings v. Chestnut Estates, 176 Conn. 563, 577. This they have not done.
Motion to dismiss is granted. P.B. 133. CT Page 223
O'Neill, J.