[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 9, 1997
Before the court at this time are two motions, one by the defendants to transfer this case to the judicial district of Danbury, and the other by the plaintiff who seeks an ex parte temporary restraining order. For the reasons stated hereafter, both of these motions are denied.
The plaintiff, Phillip B. Swaim, an attorney, is suing his former client, James E. Kovacs, and Mr. Kovac's successor attorney. John F. Wharton, Jr., Esquire, for legal fees arising out of an automobile accident in which Mr. Kovacs was injured. The action is based on an alleged breach of a contingency fee agreement. Attorney Swaim resides in this judicial district and chose to bring his action in this court.
The defendants move for a transfer to the judicial district of Danbury based on General Statutes § 51-345 (d), the venue statute for consumer transactions. This statute provides that an action shall be brought "where the defendant resides or where the transaction occurred." A consumer transaction is defined as one in which a natural person obligates himself to pay for "services rendered." Both defendants reside in the judicial district of Danbury. The defendants also claim that the alleged contingent fee agreement was executed in that judicial district and that such agreement constitutes a consumer transaction. CT Page 5017
The defendants did not cite any statute or case that the rendering of legal services on a contingent basis is a consumer transaction within the venue statute. They did point out that General Statutes § 42-110b, the Connecticut Unfair Trade Practices Act (CUTPA), applies to attorneys, but it does not follow that the rendering of legal services is a consumer transaction for venue purposes. Moreover, a consumer transaction is also defined as an agreement to pay up to $25,000 to buy "services" from a person. General Statutes § 42-151 (b). In this case, the defendant Kovacs is alleged to have obligated himself to pay a contingency fee in a tort action which could be considerably more than $25,000.
With respect to the application for a temporary restraining order, the plaintiff seeks to restrain the defendants from transferring or encumbering their real estate located in New Fairfield during the pendency of this suit. Although the granting of a TRO is permissible during the pendency of a prejudgment proceeding; Fermont Division v. Smith, 178 Conn. 393, 398,423 A.2d 80 (1979); the TRO seeks the same relief that the plaintiff is currently requesting by way of a prejudgment remedy of a real estate attachment. The court is in the process of conducting a hearing on the application for an attachment and no finding of probable cause has yet been made. This application for a temporary restraining order seeks the same relief as the prejudgment remedy, but without the necessity of the plaintiff proving probable cause because it is sought ex parte.
The governing statute for a TRO is General Statutes §52-278c(c). The same criteria used for the granting of a temporary injunction are to be employed in an application for a TRO as well. "Entitlement to such temporary relief requires a showing of 1) probable success on the merits of the claimant and 2) a balancing of the results which may be caused to one party or the other from the granting of such temporary relief . . . 3) irreparable injury and 4) lack of an adequate remedy at law."Connecticut Savings Bank v. Realty Capitol Acquisition Corp.,
Docket no. 294971, judicial district of New Haven, 2 CONN. L. RPTR. 167, 1990 Ct. Sup. 731 (Hodgson, J.) (July 24, 1990). The application in this case for an ex parte TRO does not claim that the defendants have or are in the process of "a rapid and considerable diminishment of [their] assets," as was alleged inConnecticut Savings Bank, supra, 733. This application states that the plaintiff "fears" that during the PJR hearing currently being conducted the defendants may transfer or encumber their CT Page 5018 realty, but does not cite any specific reason for such apprehension.
For the reasons stated above, both the motion for a change of venue and the application for a temporary restraining order are denied.
LEWIS, J.