Joel T. Faxoo, Koskoff, Koskoff & Beidel, P.C., Bridgeport, CT, for Defendant.

**Brian K. DOEHR, Plaintiff**

v.

**John F. DIGIOVANNI, Defendant.**

**No. 3:88CV339 (WWE).**

United States District Court,
D. Connecticut.

May 9, 1998.

## RULING ON DEFENDANT'S MOTION FOR ATTORNEY'S FEES

EGINTON, Senior District Judge.

Having prevailed on his Motion for Summary Judgment as to plaintiff Brian K. Doehr's 42 U.S.C. § 1983 claims for malicious institution of attachment and malicious continuation of attachment, *Doehr v. Digiovanni*, No. 3:88cv339, 1997 WL 835067 (D.Conn. Aug.13, 1997), defendant John F. DiGiovanni moves for attorney's fees pursuant to 42 U.S.C. § 1988. For the reasons discussed below, defendant's instant motion will be denied.

### I. BACKGROUND

A synopsis of the procedural history of this dispute is essential to the understanding of today's holding. A decade ago, plaintiff Doehr and defendant DiGiovanni entered into a physical altercation which resulted in personal injuries to DiGiovanni. DiGiovanni thereafter instituted a personal injury lawsuit against Doehr in state court. At the outset of his state court action, DiGiovanni obtained a prejudgment remedy against Doehr by attaching Doehr's real property pursuant to Conn. Gen.Stat. § 52–278e(a)(1). At that time Conn. Gen.Stat. § 52–278e(a)(1) permitted attachment of real property with-

out prior notice, hearing, or the posting of a bond.

Before the state court decided DiGiovanni's personal injury action, Doehr brought a claim in this court pursuant to 42 U.S.C. § 1983, alleging that DiGiovanni, in concert with state officials, had violated Doehr's due process rights when DiGiovanni attached Doehr's real property without prior notice or hearing and without posting a bond.

This court granted summary judgment in favor of defendant DiGiovanni. *Pinsky v. Duncan*, 716 F.Supp. 58 (D.Conn.1989). The Second Circuit reversed, holding that Conn. Gen.Stat. § 52–278e(a)(1) violated constitutional due process requirements by allowing a party, absent a showing of exigent circumstances, to obtain a prejudgment attachment of property without prior notice or hearing and without posting a bond or other security. *Pinsky v. Duncan*, 898 F.2d 852, 858 (2d Cir.1990). The United States Supreme Court granted certiorari and affirmed the Second Circuit, but noted that due process did not require a party seeking prejudgment attachment to post a bond. *Connecticut, DiGiovanni v. Doehr*, 501 U.S. 1, 24, 111 S.Ct. 2105, 115 L.Ed.2d 1 (1991). Within fifteen days of the Supreme Court's decision, defendant's attorney forwarded to plaintiff's attorney a release of attachment. Moreover, as a result of this litigation, the Connecticut legislature modified its prejudgment remedy statute to comport with constitutional due process requirements.

On remand, this court granted summary judgment in favor of plaintiff as to his due process claim and directed plaintiff to file a motion for damages. Accordingly, Doehr moved for damages and attorney's fees. This court denied both motions, holding that "the use or abuse of an ex parte attachment statute does not present a valid cause of action under § 1983." *Doehr v. DiGiovanni*, No. 3:88cv339 (WWE), slip op. (D.Conn. March 1, 1994).

The Second Circuit thereafter vacated the undersigned's findings as to damages and attorneys fees, finding that DiGiovanni's continuation of attachment until some time after the state statute was adjudicated unconstitutional could give rise to a § 1983 claim, pro-

vided that plaintiff could establish the elements of malicious prosecution. That is, Doehr needed to prove want of probable cause, malice, and damages. *Pinsky v. Duncan*, 79 F.3d 306, 312–313 (2d Cir.1996). Sending the case back to this court, the Second Circuit opined:

> It seems to us only fair to provide Doehr with the opportunity to present evidence in an effort to carry his difficult burden of proof and also to allow DiGiovanni to present any evidence he may desire to adduce.

*Id.* at 313.

On remand, the parties filed cross-motions for summary judgment. This court granted summary judgment in favor of defendant based on its finding that plaintiff had adduced no evidence relating to the elements of probable cause and malice. *Doehr v. Digiovanni*, No. 3:88cv339 (WWE), 1997 WL 835067 at *4 (D.Conn. Aug. 13, 1997). Following entry of summary judgment in his favor, defendant filed the instant motion for attorney's fees. Defendant seeks only those fees relating to the defense of this matter after the Second Circuit's March 22, 1996 decision in *Pinsky*.

## II. ANALYSIS

42 U.S.C. § 1988(b) provides that in an action brought under 42 U.S.C. § 1983, the court in its discretion may award the prevailing party reasonable attorney's fees. Although § 1988 permits a court to award attorney's fees to a prevailing defendant, public policy dictates that a court should be hesitant to make such an award because of the chilling effect it might have on § 1983 plaintiffs—the "chosen instrument of Congress to vindicate a policy that Congress considered of the highest priority." *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 418, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Accordingly, a prevailing defendant in a § 1983 action may only be awarded attorney's fees if the court finds that the plaintiff's claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir.1986). Un-

der this standard, an award of attorney's fees to a prevailing § 1983 defendant is intended to protect the public from those who "irresponsibly claim to be acting for the public good." *Dangler v. Yorktown Central Schools*, 777 F.Supp. 1175, 1178 (S.D.N.Y. 1991).

Defendant asserts that plaintiff continued to litigate after it became clear that his malicious institution of attachment and malicious continuation of attachment claims were frivolous, unreasonable, or groundless. Specifically, defendant argues that once the Second Circuit articulated the "difficult burden" plaintiff needed to prove in order to prevail on his claims, plaintiff should have abandoned those claims because he lacked evidence of the essential elements of malice and want of probable cause. Defendant's argument thus focuses on the fact that plaintiff continued to litigate his claims without any evidence to establish certain of their essential elements.

Ordinarily, a plaintiff's pursuit of a § 1983 claim of which he has no evidence may result in an award of attorney's fees to the defendant. *See, Gerena–Valentin v. Koch*, 739 F.2d 755, 760 (2d Cir.1984); *Dangler* at 1178. *But see, Rounseville v. Zahl*, 13 F.3d 625, 632 (2d Cir.1994) (denial of attorney's fees to prevailing § 1983 defendant upheld when plaintiffs had circumstantial, but no direct, evidence of their claim). The court finds, however, that given the unique circumstances of this case, a grant of attorney's fees to defendant would contravene the purpose of the *Christiansburg* standard, which is intended to protect the public from frivolous litigation irresponsibly claimed to be pursued for the public good, while avoiding a chilling effect on § 1983 plaintiffs.

By way of this litigation, plaintiff has succeeded before the United States Supreme Court in protecting the constitutional rights of Connecticut's citizens. Plaintiff has thereby prompted the state legislature to modify its prejudgment remedy statute to comport with the Constitution. This court is loathe to now punish plaintiff merely because he has arguably litigated his claims beyond a point that was reasonable. The court finds that this case is not akin to the type of frivolous, groundless case in which a plaintiff disingenuously cloaks himself in the Civil Rights Act, and in which an award of attorney's fees to a defendant would be appropriate.

Moreover, the court finds that an award of attorney's fees in this case would have a chilling effect on § 1983 plaintiffs. The undersigned is unwilling to send a message to the public that even plaintiffs who prevail before the United States Supreme Court in protecting the constitutional rights of the greater population might eventually be forced to shoulder a portion their opponent's attorney's fees. Although the court agrees that defendant's position has a certain technical merit, the court finds that under the unique circumstances of this case, public policy weighs against an award of attorney's fees to the defendant.

Finally, the court finds it significant that after the Second Circuit's 1996 findings in *Pinsky*, plaintiff was navigating an untrodden path. Because the Second Circuit had articulated a new standard for a cause of action under § 1983, plaintiff had no guidance as to how the district court would treat his claims on remand. Moreover, given that the Second Circuit stated in its opinion that plaintiff should be given the chance to have his claims heard on remand, this court finds that plaintiff's pursuit of those claims was not frivolous. *Pinsky*, 79 F.3d at 313.

The court stresses that this opinion in no way is intended to endorse or encourage the pursuit of a claim without supporting evidence. Arguably, plaintiff should have abandoned his claims at the point when he realized that he had insufficient evidence to support them. Given the sweeping changes brought about by this litigation, however, the court finds that public policy weighs in favor of denying the instant motion.

### III. CONCLUSION

For the reasons set forth above, Defendant John F. DiGiovanni's Motion and Application For Attorneys' Fees Pursuant to 42 U.S.C. § 1988 and Local Rules 9 & 29 [doc. # 139] is DENIED.