[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STAY
 Facts
The plaintiff, Richard J. Carty, entered into an employment agreement with the defendant DC Retail 1, Inc. in October of 1996. In June of 1999 the plaintiff was terminated from the CT Page 14033 employment by the defendant. The plaintiff now seeks compensation and benefits under his employment contract. That contract includes an arbitration agreement and the parties agree that the dispute between the plaintiff and the defendant is subject to arbitration.
At this time, neither party has filed for arbitration. Rather, the plaintiff, Carty, initiated this action by applying for a prejudgment remedy pursuant to Connecticut General Statutes § 52-278 et seq.
 Discussion
The plaintiff relies largely on Yellin v. PremierDevelopment, 1994 WL 247770 (Conn. Supra at Hartford/New Britain, 1994 Satter, Judge Referee). In Yellin the plaintiff had entered into a contract to negotiate the purchase of a property for condominium development. The contract contained an arbitration clause. When a disagreement arose between the parties, Yellin initiated the prosecution of his claim by applying for a prejudgment remedy. The defendant moved to stay the proceeding pursuant to § 52-409 and argued that the court lacked jurisdiction and was without power to grant the prejudgment remedy. Judge Satter, relying on the familiar principal that parties may not divest the court of jurisdiction by their agreement ruled that there was jurisdiction to grant the prejudgment remedy.
While Judge Satter is perhaps correct on the jurisdictional question, the appropriateness of granting the prejudgment remedy is thrown into serious question by the Appellate Court decision in Taylor v. Synergy Production Limited, 21 Conn. App. 661, 666
(1990). Where the court held:
 "When the court granted Synergy's stay of the action pending arbitration, the hearing on the prejudgment remedy was stayed as well. The fact that his case is stayed merely postpones the disposition of the prejudgment remedy but does not terminate it." [Citations omitted.]
In addition, this Court notes that the legislature has provided a specific remedy allowing orders pendente lite in arbitration actions. This remedy is found in § 52-422 of the Connecticut General Statutes. That section requires that the arbitration have been commenced in accordance with the agreement. CT Page 14034
In the matter before the Court the plaintiff admits that he is bound to arbitrate this dispute. He has brought an application for prejudgment remedy notwithstanding the fact that he has agreed to arbitration and is virtually certain that his lawsuit will be stayed. He has chosen not to avail himself of the opportunity to request pendente lite orders pursuant to 52-422.
For the reasons stated above, this Court stays the civil action and stays the request for a prejudgment remedy.
By,
Kevin E. Booth, J.