DENISON DEVELOPMENT COMPANY *v.*
ROBERT GUNTHER ET AL.
(10824)

SPEZIALE, C. J., PETERS, PARSKEY, SHEA and GRILLO, Js.

Argued December 9, 1982—decision released February 22, 1983

*Roger B. Calistro,* with whom, on the brief, was *William F. Gallagher,* for the appellant (plaintiff).

*Patrick M. Noonan,* for the appellees (defendants).

PER CURIAM. The plaintiff, a development company, has appealed from an order dissolving an ex parte prejudgment attachment of real property.

In the first and second counts of its complaint, the plaintiff charged that the defendant Gunther, who had owned certain real estate upon which the plaintiff had made extensive repairs, was liable for the value of this work on the grounds of unjust enrichment and implied contract. The third count charged both the defendant Gunther and his daughter Mindy Drew, to whom he had sold the property for $190,000, with conspiracy to convey the property fraudulently and with the intention of avoiding the debt owed the plaintiff. On this ground the plaintiff applied for and received an ex parte prejudgment attachment of the property acquired by the defendant Drew. After a hearing on the defendants' motion to dissolve the attachment, the court ordered the attachment dissolved.

The plaintiff has appealed from the order of dissolution, charging that the trial court erred (1) in applying the wrong standard of law and the wrong quantum of proof in concluding there was no probable cause to sustain the validity of the plaintiff's unjust enrichment claim; and (2) in finding there was insufficient evidence to establish probable cause to sustain the plaintiff's claim of a fraudulent conveyance. Since the second issue is dispositive of the right to a prejudgment attachment against the defendant Drew, we need not address the first claim. We find no error.

The theory of fraudulent conveyance is necessarily the linchpin of the plaintiff's claim to a prejudgment attachment of the property, now owned by the defendant Drew, for a debt which the plaintiff alleges is owed solely by the defendant Gunther. "A grantor has an interest in property fraudulently conveyed which may be reached by attachment"; *Olin Corporation* v. *Castells*, 180 Conn. 49,

52, 428 A.2d 319 (1980); "if proper legal proceedings are taken to appropriate it to the satisfaction of the grantor's debts." *Murphy* v. *Dantowitz,* 142 Conn. 320, 326, 114 A.2d 194 (1955). The attachment, of course, must be placed upon the grantee's interest in the property which has been acquired by the fraudulent conveyance. See *Olin Corporation* v. *Castells,* supra, 52–53. A fraudulent conveyance for the purpose of attachment is one made without substantial consideration and which renders the debtor unable to meet his obligation or one made with a fraudulent intent in which the grantee participated. *Town Bank & Trust Co.* v. *Benson,* 176 Conn. 304, 307, 407 A.2d 971 (1978); *Genovese Coal Co.* v. *River Bend Builders, Inc.,* 146 Conn. 48, 51–52, 147 A.2d 193 (1958).

Once the prejudgment attachment was challenged the burden of demonstrating probable cause to sustain the claim of a fraudulent conveyance was upon the plaintiff. General Statutes § 52-278d (a); *Augeri* v. *C. F. Wooding Co.,* 173 Conn. 426, 428, 378 A.2d 538 (1977); *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* 172 Conn. 577, 584, 376 A.2d 60 (1977). Specifically, the plaintiff had to adduce evidence either that Gunther had conveyed the property for less than substantial consideration and was thereby rendered unable to pay the alleged debt or that the conveyance was made with a fraudulent intent in which Drew participated.

The plaintiff contends that the trial court erred as a matter of law in failing to find probable cause to sustain its claim. In his affidavit in support of the ex parte attachment, William Denison, president of the plaintiff corporation, stated that Gunther had transferred the property to Drew

"with the intent of avoiding payment . . . for the benefit conferred and with the intent of hindering the collection of money owed for the goods, services and labor provided by the plaintiff," and that both defendants had refused to pay for the improvements on the property despite demands for payment. According to the plaintiff, these allegations were unchallenged at the hearing and, therefore, established probable cause as a matter of law. We disagree.

Only two witnesses testified at the hearing, Denison and the defendant Gunther. Instead of substantiating the statements in the plaintiff's affidavit, Denison's testimony negated his claim of actual fraudulent intent. Denison stated that the transfer of the property could be classified as a "sale" and indicated his belief that the sale was for tax purposes. Counsel for the plaintiff admitted the conveyance was a "sale" and a "bona fide transaction."[1] Moreover, the testimony of neither witness revealed any indicia of fraudulent intent. There was also no evidence that Gunther was insolvent or without the financial resources to pay the debt he allegedly owed. Although the transfer was between family members, the transfer was for adequate consideration. The sale price of $190,000 was the same as

---

[1] Testimony revealed that the crux of the plaintiff's fraudulent conveyance claim was an alleged brokerage agreement by which the defendant Gunther was to permit the plaintiff to list the property for $240,000 and to retain an undetermined percentage of the sale. The plaintiff conceded that the transfer to Drew for $190,000 did not violate that agreement. Denison continued to list the property for an unspecified period of time after the transfer, but the listing agreement was eventually withdrawn by Drew. The plaintiff's claim against Drew was only for the purpose of attachment and it did not claim that Drew was directly liable for work done on the property. There was no evidence adduced as to why the listing agreement ultimately was withdrawn by Drew.

that in an earlier agreement made by Gunther for the sale of the property to a prospective purchaser who defaulted. It also was reasonable in light of Denison's concession that a substantial investment would be needed to finish the renovations his company had begun.

We conclude that the evidence was such that the trial court cannot be said to have erred in finding that the plaintiff failed to demonstrate probable cause to sustain its claim of fraudulent conveyance and that, therefore, the prejudgment attachment was properly dissolved.

There is no error.