## SELF-SERVICE SALES CORPORATION *v.* CURTISS H. HEINZ ET AL. (2334)

TESTO, HULL, and DUPONT, Js.

Argued November 3, 1983—decision released January 24, 1984

*Philip J. Adams, Jr.,* with whom, on the brief, was *Paul H. Lichtenberger,* for the appellant (defendant Gerald W. Sibley).

*Richard P. Weinstein,* for the appellee (plaintiff).

HULL, J. This case raises the narrow issue of whether, after the granting of a prejudgment remedy ex parte, the court, at the hearing on the motion to dissolve the attachment, must determine the question solely on the basis of the sufficiency of probable cause in the supporting affidavit or on the basis of the affidavit and all of the evidence adduced at the hearing.

The plaintiff, Self-Service Sales Corporation, and the defendants Curtiss H. Heinz and Ellen A. Heinz allegedly entered into a contract whereby the plaintiff agreed to supply amusement devices and cigarette vending machines to the Heinzes' cafe. They were to receive certain commissions based on the receipts from the machines. Under the contract, the Heinzes were not to permit the sale of products of the same kind in their cafe through any vending machines other than the plaintiff's. The defendant Gerald W. Sibley was allegedly permitted to put his vending machines in the cafe in violation of the aforementioned contract.

The plaintiff brought this action against Curtiss and Ellen Heinz for an alleged breach of contract and against Gerald Sibley for an allegedly tortious interference with a contract. The plaintiff sought and was granted an ex parte prejudgment remedy in the form of a real estate attachment in the amount of $25,000. The application for a prejudgment remedy was sup-

ported by the complaint and an affidavit.[1] All three defendants moved to set aside the prejudgment attachment on the ground that the application was insufficient on its face. The motion to set aside was granted as to Ellen Heinz, but denied as to Curtiss Heinz and Gerald W. Sibley. The defendant Sibley appeals from the denial of his motion to dissolve the attachment.[2]

The defendant Sibley briefed the following issues: (1) did the trial court err in finding that the plaintiff's application for a prejudgment remedy was sufficient to establish probable cause; and (2) did the court err in refusing to dissolve the prejudgment remedy because of the plaintiff's failure to establish the amount of monetary damages for which the defendant Sibley would be liable?[3]

The defendant Sibley's principal argument is that the application submitted to the court was insufficient on its face to warrant the granting of the attachment. He also argues that, even given the affidavit and the evidence at the hearing, there was insufficient evidence to support a finding of probable cause. The plaintiff claims that the court is not limited at the hearing to consideration of the complaint and the affidavit, and that there was sufficient evidence to justify a finding of probable cause.

---

[1] The plaintiff filed an affidavit by Gershon Weill, secretary of the plaintiff corporation. Weill also testified at the hearing on the motion to dissolve the prejudgment remedy.

[2] The plaintiff filed an appeal from the order of the trial court dissolving the prejudgment attachment as to Ellen Heinz. The appeal was, however, dismissed because it was untimely filed pursuant to General Statutes § 52-278*l* (b). The appeal of the defendant Gerald W. Sibley, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[3] It should be noted that the defendant Sibley raised two constitutional issues in his preliminary statement of issues but, since they are not briefed, they are considered abandoned. *Sturman* v. *Socha*, 191 Conn. 1, 463 A.2d 527 (1983).

At the prejudgment remedy hearing, the defendant Sibley claimed that the trial court should review only the complaint and the affidavit. Sibley offered no testimony at the hearing. His argument for such a narrow reading of the prejudgment remedy statute is two-pronged. First, he claims that General Statutes § 52-278b, when read with General Statutes § 52-278e (2), requires that, if the affidavit is inadequate, the prejudgment remedy must be dissolved.[4] Second, Sibley claims that *Kukanskis* v. *Griffith,* 180 Conn. 501, 430 A.2d 21 (1980), requires that an ex parte attachment be dissolved if the application is inadequate, without further presentation of evidence.

The statutory argument flies in the face of the clear statutory scheme requiring a hearing when requested on probable cause to comport with constitutional requirements. *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* 172 Conn. 577, 583–84, 376 A.2d 60 (1977).

General Statutes § 52-278e provides further that "[t]he defendant appearing in such action may move to dissolve or modify the prejudgment remedy . . . in which event the court shall proceed to hear and determine such motion expeditiously. If the court determines at such hearing requested by the defendant that there is probable cause to sustain the validity of the plaintiff's claim, then the prejudgment remedy granted shall

---

[4] General Statutes § 52-278b provides in pertinent part: "Notwithstanding any provision of the general statutes to the contrary, no prejudgment remedy shall be available to a person in any action at law or equity unless he has complied with the provisions of sections 52-278a to 52-278g, inclusive . . . ."

General Statutes § 52-278e provides in pertinent part: "The court . . . may allow the prejudgment remedy to be issued by an attorney without hearing as provided in sections 52-278c and 52-278d upon verification by oath of the plaintiff or of some competent affiant, that there is probable cause to sustain the validity of the plaintiff's claim . . . ."

remain in effect. If the court determines there is no such probable cause, the prejudgment remedy shall be dissolved."[5]

A prejudgment remedy is available to an applicant if a judge determines that there is sufficient probable cause. See General Statutes § 52-278b. This is the first hurdle which must be met if a prejudgment remedy is to be granted, whether after a hearing or ex parte. It is, however, the hearing, required under § 52-278c or requested by the defendant under § 52-278e in the case of ex parte prejudgment remedies, that decides the issue. The affidavit need not stand alone in determining probable cause. It merely invokes the statutory mechanism. If this were not so, there would be no reason to provide a hearing. The statute could, if the legislature so desired, provide that the hearing should be limited to determining the sufficiency of the affidavit alone.

A brief examination of three Connecticut cases will suffice to justify the court's conclusions. In *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* supra, 586, the court concluded that the trial court's finding of probable cause was not supported "by the affidavit or the corrected finding" of the trial court made after a hearing and could not stand. In *Essex Group, Inc.* v. *Ducci Electric Co.,* 181 Conn. 524, 526, 436 A.2d 16 (1980), the court, in invalidating the trial court's finding of probable cause, did so on the basis of evidence at the hearing. Likewise, in *Denison Development Co.* v. *Gunther,* 189 Conn. 333, 336–37, 455 A.2d 1340 (1983), the trial court considered both the affidavit and the evidence at the hearing in finding no probable cause.

The defendant Sibley misreads *Kukanskis* v. *Griffith,* 180 Conn. 501, 430 A.2d 21 (1980). There the plaintiffs

---

[5] Substantially similar provisions concerning a hearing on a prejudgment remedy application are contained in General Statutes § 52-278d (a).

obtained an ex parte prejudgment attachment and lis pendens on the defendant's land. Thereafter, without notice to the plaintiffs, the defendant obtained a release of the attachment. The Supreme Court held that although the court committed error in releasing the prejudgment attachment without a hearing, a remand was not necessary because "the affidavit upon which the attachment was based did not satisfy the requirement of probable cause." *Kukanskis* v. *Griffith,* supra, 504.

There was no hearing in the *Kukanskis* case. The case must be considered in light of its peculiar fact situation. The court considered only the affidavit, as there was no other evidence before it. In *Kukanskis* v. *Griffith,* supra, 505, the court's citation of *Fermont Division, Dynamics Corporation of America, Inc.* v. *Smith,* 178 Conn. 393, 397–98, 423 A.2d 80 (1979), for the proposition that the "statute could be invoked only by a verified affidavit containing factual rather than conclusory allegations" is dictum and does not hold that only the affidavit is to be considered. *Fermont Division, Dynamics Corporation of America, Inc.* v. *Smith,* supra, itself states: "The statute can be invoked only by a verified affidavit that contains factual, rather than merely conclusory, supporting allegations. Most important, the statute affords to the defendant whose property has been attached the opportunity to obtain an immediate postseizure hearing at which the prejudgment remedy will be dissolved unless the moving party proves probable cause to sustain the validity of his claim." The defendant in *Fermont Division, Dynamics Corporation of America, Inc.* v. *Smith,* supra, offered no evidence at the hearing so that both the trial court and the Supreme Court had to rule only on the basis of the affidavit.

The court concludes that *Kukanskis* v. *Griffith,* supra, and the statutory scheme are reconciled by holding that

the prejudgment remedy statute can only be invoked successfully, if challenged at a hearing, by factual rather than conclusory evidence of probable cause based on the affidavit and evidence at the hearing, if any.[6]

Concerning the defendant Sibley's claim of insufficient evidence to find probable cause, the plaintiff need only show the probable validity of its claim and need not prove the case by a fair preponderance of the evidence. *Augeri* v. *C. F. Wooding Co.*, 173 Conn. 426, 428, 378 A.2d 538 (1977). The hearing is not intended to be a full trial on the merits. *Williams* v. *Bartlett*, 189 Conn. 471, 483, 457 A.2d 290 (1983); *McCahill* v. *Town & Country Associates, Ltd.*, 185 Conn. 37, 440 A.2d 801 (1981).

From an examination of the record and pleadings as a whole, the court cannot find that the trial court's conclusion was clearly erroneous. Practice Book § 3060D; *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

There is no error.

In this opinion the other judges concurred.

---

[6] A similar conclusion applies to a prejudgment remedy after hearing in accordance with General Statutes § 52-278c.