## RICHARD R. SWEET v. SUMNERBROOK MILL DEVELOPMENT CORPORATION ET AL.
### (5793)
### (5794)

DALY, O'CONNELL and LAVERY, Js.

Argued December 6, 1989—decision released April 10, 1990

---

*Philip N. Walker,* with whom, on the brief, was *John L. Laudati,* for the appellant (plaintiff).

*Mark T. Kelly,* for the appellees (defendants).

LAVERY, J. In these combined appeals, the plaintiff challenges the dissolution of two ex parte attachments of real estate.[1] The plaintiff claims that the trial court erred (1) in reaching a determination on the merits of the issue of fraud, and (2) in determining that the evidence adduced at the hearing was insufficient to support probable cause as to the validity of the claim of fraudulent conveyance. We find no error.

The law governing prejudgment remedies is codified in General Statutes §§ 52-278a through 52-278n. An ex parte prejudgment remedy, such as that sought in this case, is available under the conditions set forth in General Statutes § 52-278e (a). A defendant may move to dissolve or modify such prejudgment remedy pursuant to General Statutes § 52-278e (c). Upon the filing of a motion to dissolve, the court must "hear and determine such motion expeditiously." At the hearing, the plaintiff has the burden of demonstrating "that there is probable cause to sustain the validity of [his] claim." General Statutes § 52-278e (c); see *Self-Service Sales Corporation* v. *Heinz,* 1 Conn. App. 188, 191–92,

---

[1] The challenge to the dissolution of the attachments here is not affected by the recent decision by the United States Court of Appeals for the Second Circuit declaring the granting of an attachment without a hearing to be unconstitutional. See *Pinsky* v. *Duncan,* 907 F.2d 17 (2d Cir. 1990) (Docket No. 89-7521).

470 A.2d 701 (1984); see also *Hurley* v. *Sheet Metal Manufacturing Co.,* 21 Conn. App. 805, 572 A.2d 390 (1990).

The hearing in probable cause for the issuance of a prejudgment remedy is not intended to be a full scale trial on the merits of the plaintiff's claim. *Three S. Development Co.* v. *Santore,* 193 Conn. 174, 175–76, 474 A.2d 795 (1984). The plaintiff does not have to establish that he will prevail, but must establish only that there is probable cause to sustain the validity of the claim. *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* 172 Conn. 577, 584, 376 A.2d 60 (1977). The court's role in such a hearing, as well as in a hearing to dissolve an ex parte prejudgment attachment, is to determine probable success by weighing probabilities. See *Goodwin* v. *Pratt,* 10 Conn. App. 618, 620–21, 524 A.2d 1168 (1987).

"The court's role on review of the granting of a prejudgment remedy is very circumscribed. It is not to duplicate the trial court's weighing process, but rather to determine whether its conclusion was reasonable. 'In the absence of clear error, this court should not overrule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised and to weigh the credibility of at least some of the witnesses.' [*Augeri* v. *C. F. Wooding Co.,* 173 Conn. 426, 429, 378 A.2d 538 (1977).]" *Three S. Development Co.* v. *Santore,* supra, 176; see also *Price Saver, Inc.* v. *Maynard,* 5 Conn. App. 90, 91, 496 A.2d 991 (1985).

At the hearing on the motion to dissolve, the plaintiff presented no witnesses and rested on his complaint and the affidavits submitted with his motion for the ex parte real estate attachments. In each of these pleadings, the plaintiff alleged that the defendant Sumner-

brook Mill Development Corporation was indebted to him for breach of contract. He further alleged that the corporation and defendant Patricia Bowley, the wife of the corporation's president, conspired to have the corporation transfer a condominium to her in order to avoid certain debts to the plaintiff, and that the conveyance deprived the corporation of the means to pay the alleged debts to the plaintiff.

At the dissolution hearing, the defendants presented evidence that Bowley paid the corporation $65,000 for the property, and that she took the condominium subject to a mechanic's lien in the amount of $20,000. The defendants gave a careful accounting of the funds Bowley received from her husband to purchase the condominium,[2] and they showed that the condominium Bowley purchased had suffered $1000 in water damage from a leaking sprinkler and was missing appliances worth approximately $1000.

The defendants presented further evidence that the mechanic's lien could have been settled for $14,000 and that two previous attempts to sell the condominium to other parties for $67,500 had fallen through on account of the water damage and the fact that the condominium was not laid out in accordance with the condominium public offering statement. They presented evidence that other condominiums in the complex had sold for between $69,000 and $85,000. The proceeds from the sale of the subject condominium were paid by the corporation to subcontractors who had performed services on the project.

The trial court found that the transfer from the corporation to Bowley was not made for less than substan-

[2] The record reveals that Bowley received the following funds: $30,000 as a gift from her husband; $27,000 representing the proceeds of a loan to her husband from American National Bank; and $8000 representing a loan to her from Group Concepts Management, Inc., a corporation owned solely by her husband.

tial consideration, and that the conveyance was not made with intent to defraud creditors but in order to facilitate payment to bona fide creditors other than the plaintiff. The court further found that the sources of the funds used by Bowley to purchase the property were duly accounted for, as was the disposition on behalf of the corporation of all the funds received. The court found no evidence of actual intent to defraud on the part of the corporation or Bowley.

Responding to a motion for articulation, the trial court elaborated on its findings, concluding that the purchase price of the condominium was not so substantially below its market value as to constitute fraud. The court also determined that the transfer of the property to Bowley was probably intended to deprive the plaintiff of payment in preference of other bona fide creditors but that such preference did not constitute a deliberate transaction to defraud the creditors not so paid. The court found that neither the corporation nor Bowley personally derived any benefits from the transaction, and that neither received any funds from the transaction to the detriment of corporate creditors.

"A fraudulent conveyance for the purpose of attachment is one made without substantial consideration and which renders the debtor unable to meet his obligation or one made with a fraudulent intent in which the grantee participated. *Town Bank & Trust Co.* v. *Benson,* 176 Conn. 304, 307, 407 A.2d 971 (1978)." *Denison Development Co.* v. *Gunther,* 189 Conn. 333, 335, 455 A.2d 1340 (1983). It was the plaintiff's burden to adduce evidence either that the corporation had conveyed the property for less than substantial consideration and was thereby rendered unable to pay the alleged debts or that the conveyance was made with a fraudulent intent that Bowley shared. See id.

The plaintiff did not sustain his burden of proof. His reliance on his complaint and affidavits made his argument long on conclusions and short on facts. The defendants, on the other hand, presented evidence, which the trial court found credible, that the transfer was not for less than substantial consideration and that there was no intent by the parties to defraud.

"[I]f review of the record indicates the trial court reached legal conclusions which have a reasonable basis, those conclusions must stand, even though a plenary review of them might well yield a different result." *Babiarz* v. *Hartford Special, Inc.,* 2 Conn. App. 388, 394, 480 A.2d 561 (1984); see also *Hurley* v. *Sheet Metal Manufacturing Co.,* supra. We conclude that the determinations of the trial court are amply supported by the evidence and are reasonable.

There is no error.

In this opinion the other judges concurred.