[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Windham Properties, Inc., has applied for a prejudgment remedy, see General Statutes 52-278a et seq., of attachment and garnishment in the amount of $30,000. This application arises out of a contract of sale by the defendants Kathleen A. Joy and Blaine C. Cromie, d/b/a KAJ Associates, to the plaintiff of certain real property situated on Baker Road and Gamache Lane in Windham, Connecticut. CT Page 1508
This contract, which was dated April 13, 1987, provided that the plaintiff was to convey to the defendants an easement for the purpose of constructing and maintaining a pond and that KAJ was to be responsible for constructing the pond within two years after the closing which took place on July 14, 1987.
It was agreed that the defendants did not construct the pond. The defendants, however, argue that they were released from this obligation for several reasons. The first claim was that the plaintiff sold the property in question before the two years had expired; second, that the plaintiff unilaterally changed the construction plans for the pond to make it more elaborate and costly than the original pond.
Either of these reasons may prevail at the full trial that is required to resolve the various issues between plaintiff and defendants, but this application for a prejudgment remedy is not supposed to be a full trial and a different standard of proof is involved. Both the Supreme Court and the Appellate Court have discussed the criteria for the granting of a prejudgment remedy this year. New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 619-20, 559 A.2d 1098 (1990), provided as follows:
 The language of our prejudgment remedy statutes; General Statutes 52-278a et seq.; requires that the court determine "whether or not there is probable cause to sustain the validity of the plaintiff's claim"; General Statutes 52-278d(a); that is to say, "probable cause that judgment will be rendered in the matter in favor of the plaintiff." General Statutes 52-278c(a)(2). "The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." . . . Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false . . . The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim . . . The court's role in such a hearing is to: determine probable success by weighing probabilities. (citations omitted)
CT Page 1509
See also to the same effect Sweet v. Sumnerbrook Mill Development Corp., 21 Conn. App. 191, 193, 572 A.2d 385
(1990) (". . . determine probable success by weighing probabilities.")
Based on these criteria, I have determined that plaintiff's application to garnish one Arnold Peck, the payor of a mortgage note and deed to the defendants, should be granted. Since this mortgage is being foreclosed, I am also granting in part plaintiff's application to attach additional property in order to fully secure the sum of $30,000, to wit, certain real estate of the defendant Kathleen A. Joy at 550 Main Street in Coventry, Connecticut.
SO ORDERED.
Dated at Stamford, Connecticut this twenty-fourth day of August, 1990.
WILLIAM B. LEWIS, JUDGE.