[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
PER CURIAM RE: DEFENDANT'S MOTION TO VACATE PREJUDGMENT REMEDY DATED SEPTEMBER 28, 1990
The Connecticut Light and Power Company instituted this collection action for utility services rendered and during March of 1989 obtained, ex parte, an attachment in the amount of $20,000 on real estate located at the corner of Easton Avenue and North Main Street in Waterbury. After the October 22, 1990 evidentiary hearing on this motion to vacate, the parties stipulated that for the purpose of this motion hearing there is probable cause to establish a utility debt of $12,000 against the named defendant, Edward Lewis. Plaintiff's Claims of Law dated October 29, 1990 at 1.
The sole issue for us to decide is whether there is probable cause to establish that the named defendant is also Freddie Dwight E. Lewis, the record owner of the real estate.
During the course of the October evidentiary hearing, Edward Lewis testified that he was the defendant in this case but that his son, Freddie, was the record owner at the real estate. Amongst the numerous witnesses, the plaintiff-utility company called Lisa Porzio-Mangine, a rent investigator for the City of Waterbury. She testified that this defendant, Edward Lewis, introduced himself as Freddie Lewis, owner of the building, and guided her through the premises in connection with one of her rent inspections. She testified that it was her job to make sure that the city's rent monies for welfare beneficiaries went to the proper landlords. Lisa Porzio-Mangine impressed us as a credible witness. Edward Lewis also held himself out as the landlord of the premises to other CLAP employees.
At the conclusion of this evidentiary hearing, it is our duty to determine whether there is probable cause to sustain the validity of the utility company's claims against this defendant as the record owner of the premises and thus leave undisturbed the attachment. Section 52-278e(c) Connecticut General Statutes; McCahill v. Town Country Associates, Ltd., 185 Conn. 37, 39
(1981); Self-Service Sales Corp. v. Heinz, 1 Conn. App. 188, 194
(1984). At this stage of the pretrial proceedings, we must not CT Page 4288 determine whether the plaintiff will prevail at trial, but only whether there is probable cause to uphold the validity of its claims. Thus, we deal only in probabilities. Solomon v. Aberman,196 Conn. 359, 363 (1985); Three S. Development Co. v. Sandere,193 Conn. 174, 175 (1984); Michael Papa Associates v. Julian,178 Conn. 446, 447 (1979).
We do conclude on this evidentiary record, especially in light of the testimony of Lisa Porzio-Mangine, that there is probable cause both to sustain the validity of the plaintiff's claims against the named defendant, Edward Lewis, and to believe that to believe he is the record owner.
In light of the parties' stipulation, the existing attachment is ordered modified from $20,000 to $12,000.
So ordered.
William Patrick Murray, J. A Judge of the Superior Court