[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants David and Gloria Urban have moved (#140) dissolve an ex parte attachment of their realty at 73 Sterling Road, Greenwich, in the amount of $816,000. This controversy arose out of a sale of 5.5 acres of property owned by the defendants to the plaintiffs, Steven and Susan Geller. The Gellers wished to utilize four acres of this property as a buildable lot, but the Greenwich Inland Wetlands and CT Page 4373 Watercourses Commission rejected their application because of the presence of wetlands, although leaving open the possibility of relocating the proposed house site to some other area less impacted by wetlands. The Gellers claim that their problems with the wetlands agency were compounded by defendant Urban who appeared before the agency and evidently argued that the premises he had just sold to the plaintiffs did indeed have wetlands problems. The plaintiffs further claim that the defendants knew that the property they sold to Mr. and Mrs. Geller had significant wetlands problems but fraudulently denied their existence.
In determining whether or not this attachment should be vacated, we start with the proposition that the recent hearing on the application to dissolve is not supposed to be a full trial and that a different result could well ensue at the actual trial when all the evidence is addressed. Both the Supreme Court and the Appellate Court have discussed the criteria for the granting of a prejudgment remedy this year. New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 619-20, 559 A.2d 1098
(1990), provided as follows:
 The language of our Prejudgment remedy statutes; General Statutes 52-278a et seq.; requires that the court determine "whether or not there is probable cause to sustain the validity of the plaintiff's claim"; General Statutes 52-278d(a); that is to say, "probable cause that judgment will be rendered in the matter in favor of the plaintiff." General Statutes 52-278c(a)(2). "The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." . . . Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false. . . The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim . . . The court's role in such a hearing is to determine probable success by weighing probabilities. (citations omitted)
See also to the same effect Sweet v. Sumnerbrook Mill Development Corp., 21 Conn. App. 191, 193, 572 A.2d 385 (1990) (". . . determine probable success by weighing probabilities."). CT Page 4374
Based on these criteria, I believe that the defendant's application to vacate this attachment should be granted because it seems clear that the parties discussed the possibility of wetlands problems and that the defendants refused to make the contract of sale contingent upon wetlands approval. The contract specifically stated that the defendants, the Urbans, were not making any "representations or warranties," with respect to this property. The attorney for the plaintiffs testified that he recognized there could well be wetlands problems and recommended to his clients, the Gellers, that they make the contract of sale contingent upon wetlands approval, but that, notwithstanding this advice, the Gellers ultimately agreed to sign a contract with the defendants that was not conditioned upon wetlands approval. Moreover, the contract, although not contingent upon wetlands approval, did refer to relocating the proposed home which has evidently not been attempted by the plaintiffs.
It follows, in my opinion, that the plaintiffs knew or should have known that there were in fact wetlands problems, but they nevertheless went ahead and purchased the property without any contingencies for the wetlands approval. Thus, having weighed the probabilities of probable success on the part of the plaintiffs, I have determined that the attachment should be and hereby is ordered vacated.
So Ordered.
Dated at Stamford, Connecticut this 21st day of December 1990.
LEWIS, JUDGE.