[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CITYTRUST'S APPLICATION FOR PREJUDGMENT REMEDY AND FOR TEMPORARY INJUNCTION DATED MARCH 4, 1991
The parties agreed at the outset of the May 6, 1991 evidentiary hearing on this application that the defendant Richard R. Rangoon had executed on March 21, 1988 with Citytrust a Line of Credit Master Note in the face amount of $1,000,000.00; and a second Promissory Note dated November 15, 1988 in the face amount of $400,000.00. Plaintiff's Exhibits A and B. The second note was secured by a real estate mortgage. The Line of Credit Master Note had matured December 20, 1990 and on that obligation at the time of the evidentiary hearing before us, Mr. Rangoon owed in excess of $1,024,000.00. It was also agreed that the secured note had matured November 15, 1990 and on that obligation Mr. Rangoon owed at the time of hearing in excess of $420,000.00.
In this proceeding, Citytrust seeks to encumber twelve partnership interests transferred during July of 1990 by Rangoon to his wife, Betty Rangoon, and further, to enjoin Mrs. Rangoon so as to preserve these interests for the benefit of Citytrust during the pendency of this litigation.
The unsigned complaint filed with the application is in four counts. Counts one and two are collection actions against Mr. Rangoon on each of the two notes. Count three is a claim in fraudulent conveyance under section 52-552 alleging that the real estate partnership interests transferred by Rangoon to his wife, were without consideration and rendered him "unable to meet his obligations to Citytrust." Complaint, third count paragraph 16 at p. 4. This third count also contains an allegation that "Betty Rangoon knew that Rangoon was indebted to Citytrust and, in accepting the transfer, knowingly, aided, abetted, and conspired with Rangoon to render Rangoon unable to meet his obligations to Citytrust." Id., paragraph 17. The fourth count of the unsigned complaint is framed as a violation of section 52-299 (Attachment of partnership property for partner's debt) and seeks several forms of relief concerning Betty Rangoon and the property of the partnerships. In this fourth count, Citytrust alleges that "it does not have a fully adequate damage remedy because, upon information and belief, Rangoon is not sufficiently financially responsible to satisfy a judgment to Citytrust from assets apart from his interests in a Partnership Defendants as conveyed to Betty Rangoon." Id., paragraph 23.
 II.
During the course of the May 1991 evidentiary hearing, Keefe CT Page 4833 W. Burritt, a real estate appraiser, expressed his opinion that the real estate at 15 Brookside Place in West Hartford, which secures the promissory note in the face amount of $400,000.00 has a value of 1.5 million dollars. Thereafter, James M. Katz, an investigator, testified that of twenty limited partnerships held by Mr. Rangoon, twelve were affected by his transferring his interests in those partnerships to his wife. Plaintiff's Exhibit D, 1-12. Thus, eight additional such partnerships were not so affected. However, the financial implications of these transfers to Mr. Rangoon's financial estate and his resultant capacity to pay his debts at the time of the transfers were not established.
H. Holbrook Hyde, a commercial lending officer for Citytrust, testified that prior to the maturity dates of the two loans in late 1990, he had attempted without success to obtain additional collateral from Mr. Rangoon to secure these notes. At one point, Rangoon offered his Brookside Place West Hartford residence as additional collateral, but on October 11, 1990 withdraw the offer, according to Mr. Hyde, reportedly at Mrs. Rangoon's insistence. Hyde had additional discussions with Roderick A. LaFountain, a person in Rangoon's offices. The evidence reveals that there were negotiations between Hyde and LaFountain concerning LaFountain's suggestions that some of Rangoon's interests in limited real estate partnerships be made available as additional collateral. However, it was never established what authority LaFountain had, if any, to bind Rangoon during these negotiations. Beckenstein v. Potter Carrier, Inc., 191 Conn. 120, 133 (1983). No evidence was offered concerning Rangoon's financial estate at the time that the partnership interests were transferred to Mrs. Rangoon. Further, there was no credible evidence offered concerning her fraudulent participation in receiving these transfers.
 III.
At the conclusion of this evidentiary hearing, it is our duty to determine in this statutory proceeding whether there is probable cause to sustain the validity of Citytrust's claims that these partnership interests were transferred fraudulently to Mrs. Rangoon and if so, to order the issuance of the relief sought by Citytrust within the scope of our pre judgment remedy statutes. Conn. Gen. Stat. Section 52-270 (d); McCahill v. Town Country Assoc. Ltd., 185 Conn. 37, 39 (1981); Self-Service Sales Corp. v. Heinz, 1 Conn. App. 188, 194 (1984). In this regard we must determine not whether Citytrust will prevail at trial, but only whether there is probable cause to uphold the validity of its claims. Solomon v. Aberman, 196 Conn. 359, 363 (1985); Three S. Development Co. v. Sandere, 193 Conn. 174, 175 (1984); Michael Papa Associates v. Julian, 178 Conn. 446, 447 (1978). Thus, we deal in probabilities. CT Page 4834
 "A fraudulent conveyance for the purpose of attachment is one made without substantial consideration and which renders the debtor unable to meet this obligation or one made with fraudulent intent in which the grantee participated. Town Bank Trust Co. v. Benson, 176 Conn. 304, 307 . . . (1978). Dennis Development Co. v. Gunther, 189 Conn. 333, 335 . . ., (1983)." Sweet v. Summerbrook Mill Development Corp, 21 Conn. App. 191, 195 (1990).
Concerning the count in fraudulent conveyance, the burden is on Citytrust to prove that Rangoon conveyed to his wife for less than valuable consideration the partnership interest in question and was thereby unable to pay his alleged debts or that these transfers were made with fraudulent intent in which Mrs. Rangoon participated.
Concerning Citytrust's request for a temporary injunction, that relief maybe only granted if we are convinced that without it the bank will suffer the irreparable harm it suggests in these pleadings.
 IV
At the conclusion of the evidence, we know that Mr. Rangoon has owned since November 15, 1988 a West Hartford residence worth now approximately 1.5 million dollars and that Citytrust gave him on March 21, 1988 a million dollar line of credit without any security. Hence, we conclude that he may be a man of some financial means. However, we virtually know nothing about his financial capabilities to pay his debts as they matured at the time he made partnership transfers to his wife, Mrs. Rangoon. Additionally, we do not know the monetary value of those transfers and the resultant impact that such transactions had upon his remaining assets available for the payment of debts. Patrocino v. Yalanis, 3 Conn. App. 33, 37-39 (1985). Concerning Mrs. Rangoon, there is no credible evidence presented to us that she knowingly and intentionally participated in any fraud when the partnership transfers were made to her. Therefore, based on this evidentiary record, we conclude that there is no probable cause to sustain the validity of the claims in fraudulent conveyance.
Finally, concerning Citytrust's prayer for a temporary injunction, we are not persuaded on this record that Citytrust will be irreparably harmed if we decline to issue such relief.
The application is denied. CT Page 4835
So ordered.
WILLIAM PATRICK MURRAY, J. A Judge of the Superior Court