BANK OF BOSTON CONNECTICUT *v.* NONGNUCH CHUMNANVECH ET AL.
(11097)

DUPONT, C. J., FOTI and LANDAU Js.

366

Argued March 25—decision released May 18, 1993

*Kerry M. Wisser,* for the appellants (defendant Jeffrey Wagner et al.).

*Thomas J. Sansone,* for the appellee (plaintiff).

LANDAU, J. In this appeal, the defendants Jeffrey Wagner and Cindy Wagner[1] challenge the granting of a prejudgment remedy by the trial court. The trial court based its decision on allegations in the third count of an unsigned complaint, alleging a fraudulent conveyance from Jeffrey Wagner to his wife, Cindy Wagner, in violation of General Statutes (Rev. to 1989) § 52-552.[2] The defendants claim that the trial court improperly granted the application in that there was no finding that the plaintiff established that probable cause existed

---

[1] The trial court declined to grant the application for a prejudgment remedy against the defendants Nongnuch Chumnanvech and Theerayut Chumnanvech and they are not parties to this appeal. In this opinion we refer to Jeffrey Wagner and Cindy Wagner as the defendants.

[2] General Statutes (Rev. to 1989) § 52-552 provides that "[a]ll fraudulent conveyances, suits, judgments, executions or contracts, made or contrived with intent to avoid any debt or duty belonging to others, shall, notwithstanding any pretended consideration therefor, be void as against those persons only, their heirs, executors, administrators or assigns, to whom such debt or duty belongs."

that there was clear and convincing evidence of a fraudulent conveyance. We affirm the judgment of the trial court.

After a hearing on the prejudgment remedy application, the trial court found the following facts. On September 14, 1988, Nongnuch Chumnanvech and Jeffrey Wagner each executed a personal guarantee of a promissory note in the amount of $1,200,000, plus interest, from Sackett Point Senior Homes (Sackett Point) to the plaintiff, the Bank of Boston Connecticut (bank). At that time, Wagner furnished to the bank a financial statement showing two properties, one located at Davis Hill, Weston, listed as having a fair market value of $700,000, and the other located at Godfrey Road, Weston, listed as having a fair market value of $300,000, as personal assets. On March 23, 1990, the bank advised Wagner that the note was due on April 1, 1990, with a payment of $1,256,827.16 and, by letter dated April 19, 1990, Wagner received a written demand for payment from the bank's attorneys. The note went into default for nonpayment. On April 5, 1990, Jeffrey Wagner quitclaimed the properties located at Davis Hill and Godfrey Road to his wife, Cindy Wagner, for a consideration of $1 as to each parcel. After finding that a short period had elapsed since the bank's demand letter and the due date of the note to the transfer, the trial court concluded that there was probable cause to sustain the validity of the bank's claim regarding Jeffrey Wagner's personal guarantee of payment and that there was "probable cause to sustain the validity of the § 52-552 claim as set forth in count three."

After the defendants filed a motion for articulation, which was denied by the trial court, they filed a motion for review of the trial court's denial in this court. We granted the motion to review and denied the relief requested. This appeal ensued.

The first consideration is our scope of review. Pursuant to the prejudgment remedy statutes; General Statutes § 52-278a et seq.; the trial court's function is to determine whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits. *New England Land Co.* v. *DeMarkey,* 213 Conn. 612, 620–21, 569 A.2d 1098 (1990). "The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. . . . The court's role in such a hearing is to determine probable success by weighing probabilities." (Citation omitted; internal quotation marks omitted.) Id., 620. This weighing process applies to both legal and factual issues. *Augeri* v. *C. F. Wooding Co.,* 173 Conn. 426, 429, 378 A.2d 538 (1977); *Babiarz* v. *Hartford Special, Inc.,* 2 Conn. App. 388, 393, 480 A.2d 561 (1984). We reiterate "the limited role that our case law assigns to appellate review of a trial court's broad discretion to deny or to grant a prejudgment remedy. It is the trial court that must determine, in light of its assessment of the legal issues and the credibility of the witnesses, whether a plaintiff has sustained the burden of showing probable cause to sustain the validity of its claim. We decide only whether the determination of the trial court constituted clear error." *Greenberg, Rhein & Margolis, Inc.* v. *Norris-Faye Horton Enterprises, Inc.,* 218 Conn. 162, 166, 588 A.2d 185 (1991).

The defendants argue that there was lacking any finding by the trial court of probable cause that there was clear and convincing evidence of a fraudulent conveyance. They posit that since the plaintiff is required to show that the plaintiff would succeed on its claim of fraudulent conveyance, it necessitates a showing of

probable cause that the standard of proof for fraudulent conveyances will be met. The defendants seek to use our decision in *Haxhi* v. *Moss,* 25 Conn. App. 16, 591 A.2d 1275 (1991), as an analogy to buttress their position. Their reliance is misplaced.

In *Haxhi,* this court found that the reliance by the trial court on an incorrect definition of malice in the context of a libel claim rendered the trial court's probable cause determination invalid; the use by the trial court of the wrong legal standards regarding the underlying claim tainted any probable cause determination. Such is not the case here. It is clear, from the findings of the trial court, that it was persuaded that the plaintiffs had established probable cause that there was a fraudulent conveyance.

"A fraudulent conveyance for the purpose of attachment is one made without substantial consideration and which renders the debtor unable to meet his obligation or one made with a fraudulent intent in which the grantee participated. *Town Bank & Trust Co.* v. *Benson,* 176 Conn. 304, 307, 407 A.2d 971 (1978). *Denison Development Co.* v. *Gunther,* 189 Conn. 333, 335, 455 A.2d 1340 (1983)." (Internal quotation marks omitted.) *Sweet* v. *Sumnerbrook Mill Development Corporation,* 21 Conn. App. 191, 195, 572 A.2d 365 (1990). Here, the facts relied on by the trial court in finding that probable cause exists were that the conveyance was made upon $1 consideration for each parcel, that the conveyance was made within days of Jeffrey Wagner's being informed of the demand, and that the conveyance rendered Jeffrey Wagner unable to meet his obligation under the personal guarantee. Furthermore, given the trial court's specific reference to § 52-552, it is clear that the trial court was well aware of, and applied, the appropriate standard of proof.

The conclusions of the trial court were reasonable and this court will not overrule the thoughtful decision of the court, which had the opportunity to assess the legal issues that were raised and the opportunity to weigh the credibility of the witnesses.

The judgment is affirmed.

In this opinion the other judges concurred.