[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 5851
The above-captioned case comes before the court upon the application of the plaintiffs to attach property in connection with a claim of nonpayment of counsel fees.
It is undisputed that Attorney Herrmann provided legal services to defendant Frank Parise in connection with a federal criminal proceeding that culminated in a trial in December 1996. One issue is whether the other defendant, Mr. Parise's mother, Phyllis Donarumo, obligated herself to pay the plaintiffs' fee for the services to her son. Another issue is whether Frank Parise fraudulently conveyed to his mother in December 1996 certain real property that the plaintiffs seek to attach.
Standard of Adjudication
The standard of proof as to a prejudgment attachment of property is probable cause that the plaintiff will, at the trial on the merits, sustain the validity of his claim. Calfee v.Usman, 224 Conn. 29, 37 (1992). The court's role at the hearing as to the prejudgment attachment is to "determine probable success by weighing probabilities [as to] . . . both legal and factual issues." Calfee, supra at 37, citing New England LandCo. v. DeMarkey, 213 Conn. 612, 620 (1990); Augeri v. C.F.Wooding Co., 173 Conn. 426, 429 (1977).
This court's weighing of the testimony presented does not lead the court to conclude that there is a likelihood that the plaintiffs will prevail on their claim that Phyllis Donarumo agreed to pay her son's legal fees. The plaintiffs presented no written agreement by which Mrs. Donarumo retained them. At the time she met with the plaintiffs concerning their representing her son, he was incarcerated in Rhode Island and was unable to meet in person with lawyers. That circumstance makes it no more likely that she was hiring the lawyers herself than that she was meeting with them only as an agent for her son. Mrs. Donarumo testified that the money she paid to the plaintiffs was not her own but was the proceeds of sale of Frank Parise's possessions. A letter sent to Mrs. Donarumo by plaintiff Herrmann (Exhibit 1) contains no confirmation that she, as well as her son, had obligated herself to pay the fee quoted. That letter indicates that the balance of the fee is to be paid from an asset of Frank Parise's, namely, a partially built house that was under CT Page 5852 construction. Moreover, that letter was sent to Mrs. Donarumo while Parise was still in jail in Rhode Island and is equally probative of the addressee's role as an agent as of any inference that she herself had hired and agreed to pay the plaintiffs.
This court finds that probable cause as to Counts One and Two of the complaint is established only as to defendant Frank Parise, who accepted the plaintiff's services.
The third count alleges fraudulent conveyance of the property with the partially built house from Parise to his mother in December 1996. Mrs. Donarumo testified that her son owed her money at the time of the conveyance, and the plaintiffs did not elicit any evidence to rebut this testimony or to establish that the equity in the property exceeded the amount of that debt. The plaintiffs failed to present evidence to establish that they will probably prevail on their claim of fraudulent conveyance. SeeSweet v. Sumnerbrook Mill Development Corp. , 21 Conn. App. 191
(1990).
The plaintiffs have argued that this court should adjudicate their application by inferring further testimony at trial that would support their claims. The selection of testimony at a hearing on an application for a prejudgment attachment is the plaintiffs'. The court must determine whether the evidence actually produced supports a probability that the claims will be proved at trial. The court cannot, instead, infer the existence of favorable evidence that has not been shown to exist.
The plaintiffs have established probable cause only as to their claims against Frank Parise. The application to attach his property to the extent of $40,000 is granted. The application to attach 18 Savoy Street in East Haven or other property of defendant Phyllis Donarumo is denied.
Beverly J. Hodgson Judge of the Superior Court