[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON APPLICATION FOR PREJUDGMENT REMEDY
Following a hearing on September 28, 1998, plaintiff seeks a prejudgment remedy in the amount of $35,000, representing amounts alleged to be owed in connection with the lease of a commercial vehicle, including attorney's fees. Plaintiff's claim for damages is spelled out, in large part, in Plaintiff's Exhibit 2. I have now considered the full record.
A plaintiff seeking an attachment is required only to establish that there is probable cause to show the probable validity of his claim as to both the merits and damages. It is not necessary to prove the case by a preponderance of the evidence. McCahill v. Town Country Associates. Ltd.185 Conn. 37, 39 (1981); Self-Service Sales Corp. v. Heinz.1 Conn. App. 188, 194 (1984). A probable cause hearing is only a preliminary proceeding, and is not a full trial on the merits. Three S.Development Co. v. Santore. 193 Conn. 174, 175 (1984). Probable cause is a bona fide belief in the facts essential under the law CT Page 11813 for the action and such as would lead a reasonable prudent person to entertain such belief. Three S. Development Co. v. Santore.193 Conn. 174, 175 (1984).
Defendant claims in essence, among other things, that the lease agreement pursuant to which the vehicle was leased is usurious and/or ought to be considered void as against public policy. Full analysis and consideration of that argument, if it is pursued, will have to wait until another day, when it can be properly presented, briefed, and analyzed. The same may be said for other claims and defenses raised by the defendant on the limited record which now exists.
At this early stage, the evidence is generally sufficient to justify the granting of plaintiff's request for a prejudgment remedy. However, the amount claimed — $35,000 — should be reduced to take two factors into account. They are, first, the unrebutted testimony of Michael Freitas that he made a payment of $953.25 for which he has not been credited. Second, based on the limited record, I am not persuaded that plaintiff has demonstrated that probable cause exists to find that $5,357.31 in repairs can appropriately be charged to defendant. Of course, at trial, if there is a trial, this issue can be pursued by both parties, and a fuller record can be developed. In all other respects, I find that probable cause exists in support of the request made in light of the language of the lease and related documents. See Plaintiffs Exhibit 1.
Therefore, the application is granted in the amount of $28,689.44.
Lavine Judge, Superior Court