[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#106)
 BACKGROUND
This is a lawsuit brought to collect on three promissory notes currently in default. The notes were executed in connection with three loans made by Founder's Bank. In 1995, Founder's Bank was declared insolvent and the Federal Deposit Insurance Corporation (FDIC) was appointed Receiver. The FDIC assigned the three notes to Republic Credit Corp. I who, in turn, assigned them to the plaintiff, National Collectors Liquidators, L.P.
Note 1 is in the principal amount of $1,000,000. This note was executed on November 13, 1990 by Millco of Danbury, Inc., Millco of Waterbury, Inc. and Two on 5, Inc. (hereinafter collectively referred to as CT Page 10569 "Borrowers"). Note 2, in the amount of $170,000, was executed by Millco of Danbury, Inc. on February 10, 1994. On November 13, 1990, Kenneth Miller, Karyn Miller, Robert B. Miller, Mary Beth Miller, Donald Miller and Sybil Miller (the "Guarantors") guaranteed all current and future indebtedness of the Borrowers to Founders Bank. Note 3, in the principal amount of $9,948.05, was executed by Donald P. Miller, as borrower, on April 24, 1990.
The plaintiff has named the Borrowers and Guarantors as defendants in this action. All defendants have asserted a special defense that the guarantees were obtained in violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq. The plaintiff has moved for summary judgment on the basis that there is no dispute of fact as to the default of the three notes and that the alleged ECOA violations may not be raised as a defense. None of the defendants dispute that the three notes are in default. Accordingly, the motion for summary judgment turns on the defendants' ability to assert the ECOA violations defensively. For the reasons set forth below the motion for summary judgment is granted in part and denied in part.
 STANDARD
Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book § 17-49. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Appleton v. Board of Education,254 Conn. 205, 209 (2000). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski,206 Conn. 495, 500 (1988).
 DISCUSSION
The ECOA provides that it is unlawful "for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of . . . sex or marital status." 15 U.S.C. § 1691
(a). "The purpose of the ECOA is to eradicate credit discrimination waged against women, especially married women whom creditors traditionally refused to consider for individual credit." Anderson v. United FinanceCompany, 666 F.2d 1274, 1277 (9th Cir. 1982).
Regulation B, promulgated under the ECOA, provides that:
 "A creditor shall not require the signature of an CT Page 10570 applicant's spouse or any other person, other than a joint applicant, on any credit instrument if the applicant qualifies under the creditors standards of credit worthiness for the amount and terms of the credit requested.
12 C.F.R. § 202.7 (d)(1).
Case law has observed that the gender neutral language of the ECOA and its regulations indicate that Congress chose to protect women from credit discrimination by requiring that creditors treat all credit applicants — whether male or female, married, or unmarried — in an identical manner. Integra Bank/Pittsburgh v. Freeman, 839 F. Sup. 326,328 n. 3 (1993).
The ECOA provides an aggrieved applicant with an affirmative cause of action for damages. This cause of action is subject to a two year statute of limitations, 15 U.S.C. § 1691e(f).
At issue here is whether, after the expiration of two year limitation period for an affirmative cause of action, an alleged violation of the ECOA may be asserted defensively in an action, such as the present one, to collect on a note. There is a split of authority on this question.
The plaintiff correctly points out that the four Superior Court decisions that have considered this question have all ruled that an ECOA claim may not be raised defensively. See GE Capital Mortgage v. Klett, J.D. of Hartford-New Britain at Hartford, Docket No. CV95-0552540S, (February 21, 1996, Satter, J.); North American Bank Trust Co. v. TFL,Inc., J.D. Waterbury, Docket No. CV95-123953 (March 14, 1995, Pellegrino, J.); Federal Deposit Ins. Corp. v. LRV Company, J.D. Hartford-New Britain at Hartford, Docket No. CV92-0518729 (Sept. 9, 1994, Aurigemma, J.); Federal Deposit Ins. Corp. v. Piccolo, J.D. of Fairfield at Bridgeport, Docket No. CV94-0310755 (June 29, 1994, Freedman, J.).
These cases rest on two grounds derived from federal district court opinions. First that the text of the ECOA statute, while providing for a federal civil action, does not afford relief by way of affirmative defense. CMF Virginia Land, L.P. v. Brinson, 806 F. Sup. 90 (E.D.Va. 1992). Second that neither the statute nor case law supports the proposition that violation of the ECOA renders an instrument void. Diamondv. United Bank Trust, 776 F. Sup. 542, 544 (N.D.Okla. 1991).
There is, however, another line of cases that adopt a more nuanced and better reasoned approach that permits some defensive use of ECOA claims. CT Page 10571 None of these cases are distinguished, or even cited, in any of the Superior Court decisions referenced above. One of the first of these cases was Integra Bank/Pittsburgh v. Freeman, 839 F. Sup. 326 (E.D.Pa. 1993). The facts of Integra were similar to the present case in that the guarantors of a loan in default defended the collection action on the ground that one of the guarantor's signatures was obtained in violation of ECOA. Id., 328. In addition, as here, the statute of limitations for an affirmative ECOA claim had run. Id.
The court in Integra acknowledged two competing interests. On the one hand, courts should hesitate to invalidate an arms length credit transaction where Congress specifically provides an injured debtor an affirmative statutory remedy. Id., 329. On the other hand, Congress, in enacting ECOA, intended that creditors not affirmatively benefit from proscribed acts of credit discrimination. Id. Integra resolved these interests by ruling that an ECOA violation should not void the underlying debt, but further ruled that an offending creditor should not be permitted to look for payment to parties who, but for the ECOA violation, would not have incurred personal liability on the underlying debt in the first instance. Id. The court reasoned that a creditor may not claim to have relied factually upon a guarantor's assets if it never requested nor received financial information regarding them. Id. As to other applicants in a tainted credit transaction, however, the purpose of the ECOA would not be furthered by permitting them to assert an alleged ECOA violation as a defense to liability on the underlying debt. Id. Thus an ECOA defense is not available to the primary credit seeker or permissibly required sureties. Id. Finally, the court in Integra ruled that asserting an ECOA violation defensively after the statute of limitations for an affirmative claim had run was permissible under the common law doctrine of recoupment. Id., 330. See also Bull v. United States, 295 U.S. 247,262, 55 S.Ct. 695, 79 L.Ed. 1421 (1935) (recoupment claims are "never barred by the statute of limitations so long as the main action itself is timely.")
The reasoning of Integra has been adopted by the Third Circuit inSilverman v. Eastrich Multiple Investor Fund, L.P., 51 F.3d 28 (3rd
Cir. 1995) and the First Circuit in Bolduc v. Beal Bank, SSB, 167 F.3d 667 (1st Cir. 1999).[1] Moreover, although not citing Integra, the same selective use of ECOA defensively has been permitted by the Supreme Courts of Maine and Virginia. See Mundaca Investment Corporation v.Emery, 624 A.2d 923 (Me. 1996); Eure v. Jefferson National Bank,448 S.E.2d 417 (Va. 1994). In this court's view, the Integra approach provides a better framework to adjudicate ECOA claims that arise in the present context.
Applying this framework to the present motion for summary judgment CT Page 10572 mandates a mixed result. As to the Borrowers, Millco of Danbury, Inc., Millco of Waterbury, Inc. and Two on 5, Inc., summary judgment shall enter in favor of the plaintiff as to Note 1 and the matter is referred for a hearing in damages. As to Millco of Danbury, Inc. summary judgment shall also enter in favor of the plaintiff as to Note 2, and the matter is referred to a hearing in damages. As to Donald P. Miller, summary judgment shall enter in favor of the plaintiff as to Note 3 only and the matter is referred for a hearing in damages. As to the Guarantors, Kenneth Miller, Karyn Miller, Robert Miller, Mary Beth Miller, Donald Miller and Sybil Miller, summary judgment is denied because there exist issues of material fact as to applicability of the alleged violation of Regulation B (12 C.F.R. § 202.7 (d)(1)) to each of them.
So Ordered at New Haven, Connecticut this 1st day of August, 2001.
Devlin, J.